## PEOPLE *v.* WHITE

1. INDICTMENT AND INFORMATION—AMENDMENT.

    The statute allowing a trial court before, during, or after a trial to amend an indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence does not authorize the changing of an offense nor the making of a new charge by way of amendment, but only permits the cure of defects in a statement of the offense which is already sufficiently charged to fairly apprise an accused and a court of its nature (CL 1948, § 767.76).

2. INDICTMENT AND INFORMATION—AMENDMENT—RECEIVING STOLEN GOODS.

    Adding the words "and/or aid in the concealment of stolen property" to amend an information stating that defendant "did feloniously and unlawfully receive and conceal stolen property" was not prejudicial to defendant because the amendment called for no different defense than would the original charge (CL 1948, § 767.76; CLS 1961, § 750.535).

3. CRIMINAL LAW—AIDERS—ABETTORS—PRINCIPALS.

    Aiders and abettors in the commission of a crime are equally guilty with principals (CL 1948, § 767.39).

4. RECEIVING STOLEN GOODS—AIDING IN CONCEALMENT—KNOWLEDGE—EVIDENCE.

    Evidence of a defendant's guilty knowledge at the time he received stolen property or aided in its concealment is generally to be collected from all the various circumstances of the case (CLS 1961, § 750.535).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations § 171 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 120 *et seq.*
[4–7] 45 Am Jur, Receiving Stolen Property § 7.

5. RECEIVING STOLEN GOODS—CONSTRUCTIVE KNOWLEDGE—INFERENCES.

Guilty knowledge means not only actual knowledge, but constructive knowledge, through notice of facts and circumstances from which guilty knowledge may fairly be inferred.

6. RECEIVING STOLEN GOODS—POSSESSION—EVIDENCE—KNOWLEDGE.

Mere possession cannot be used as evidence to show knowledge that goods were stolen, but the fact of recent possession of stolen property, coupled with contradictory statements of an accused as to the possession of such property and aiding in concealing such property, is evidence of guilty knowledge (CLS 1961, § 750.535).

7. RECEIVING STOLEN GOODS—PRELIMINARY EXAMINATION—PROBABLE CAUSE.

Evidence at a preliminary examination was sufficient to show probable cause that defendant had committed the crime of receiving stolen property, where the co-owner of a TV set testified that defendant denied any knowledge of the TV set and a police officer testified that two to three hours after that denial defendant's apartment was searched and the stolen TV set was found there (CLS 1961, § 750.535).

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 February 4, 1970, at Grand Rapids. (Docket No. 7,249.) Decided February 24, 1970.

Earion White was convicted of aiding in the concealment of stolen property knowing it to be stolen. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Wesley J. Nykamp,* Chief Appellate Attorney, for the people.

*A. Newton Dilley,* for defendant.

Before: HOLBROOK, P. J., and DANHOF and ROOD,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was found guilty in a nonjury trial of aiding in the concealment of stolen property knowing it to be stolen, CLS 1961, § 750.535 (Stat Ann 1969 Cum Supp § 28.803).

On appeal defendant argues that after the proofs for both sides were in, the prosecution should not have been allowed to amend the information over objection so that following the language, "Earion White did feloniously and unlawfully receive and conceal stolen property", was added, "and/or aid in the concealment of stolen property".

The prosecution relies on CL 1948, § 767.76 (Stat Ann 1954 Rev § 28.1016) which purports to allow a trial court before, during or after a trial to amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence.

The Supreme Court in *People* v. *Sims* (1932), 257 Mich 478, said that this language[1] did not authorize the changing of the offense nor the making of a new charge by way of amendment, but permitted only the cure of defects in the statement of the offense which is already sufficiently charged to fairly apprise the accused and court of its nature. Being thus procedural, it does not infringe on the accused's right to be informed of the nature of the charge.

In the present case the amendment was not prejudicial to defendant. Since CL 1948, § 767.39 (Stat Ann 1954 Rev § 28.979) makes aiders and abettors in the commission of a crime equally guilty with principals, we find that the amendment called for no different defense than would the original charge. Thus, allowing the amendment did not constitute error.

Defendant also alleges that the evidence produced at the preliminary examination was insufficient to

---

[1] CL 1929, § 17290.—REPORTER.

show probable cause that the defendant had committed the crime charged and, further, that the evidence produced at the trial was not sufficient to support a conviction that the defendant aided in the concealment of stolen property knowing it to have been stolen.

In *People* v. *Tantenella* (1920), 212 Mich 614, the Court held that the evidence of the accused's guilty knowledge at the time he received the stolen property, or aided in its concealment, is generally to be collected from all the various circumstances of the case. The Court said:

"Guilty knowledge means not only actual knowledge, but constructive knowledge, through notice of facts and circumstances from which guilty knowledge may fairly be inferred. (Citations omitted.)

"While we have held (*Durant* v. *People* [1865], 13 Mich 351) that mere possession cannot be used as evidence to show knowledge that the goods were stolen, we have also held that the fact of recent possession of stolen property, coupled with contradictory statements of the accused as to the possession of such property and aiding in concealing such property, was evidence of guilty knowledge. (Citations omitted.)"

At the preliminary examination the co-owner of a color television set testified that it had been stolen and that two days later she overheard a conversation between her husband and the defendant as follows:

"*A.* Well, my husband asked him if his T.V. was in there. He said that, he asked him if his T.V. was in there and Earion told him, 'No,' and he says, 'Man, I haven't seen it, I swear I haven't seen it and it's not in my house.' He said, 'I don't know anything about a T.V.'"

According to testimony of a police officer, two to three hours after this conversation the police went to defendant's apartment with a search warrant and found the stolen television set in question.

We hold that this evidence was sufficient to show probable cause that defendant had committed the crime charged.

Other evidence was presented at the trial including defendant's own testimony that he knew the television set was in his apartment and was suspicious about its ownership.

We hold that the facts and circumstances brought out at trial were such that guilty knowledge that the television was stolen could be fairly inferred. *People* v. *Tantenella, supra.*

Affirmed.