PEOPLE v. BRUCE

1. INDICTMENT AND INFORMATION—AMENDMENT.
    Trial court may amend an information as long as the amendment
    does not change the offense or make a new charge (MCLA
    § 767.76).

2. INDICTMENT AND INFORMATION—AMENDMENT.
    An information may be amended by the trial court if the amend-
    ment attempts to cure a defect in the statement of the
    offense charged and if the information prior to amendment
    was sufficient to apprise the defendant and the court of the
    nature of the charge.

3. INDICTMENT AND INFORMATION—AMENDMENT—ROBBERY—ITEMS
    TAKEN.
    An information charging the defendant with armed robbery
    and taking $50 was properly amended by the trial court to
    add a money clip as an item taken, where the defendant was
    not prejudiced by the amendment since the original informa-
    tion was sufficient to apprise him of the charge of armed
    robbery, the amendment did not change the offense nor make
    a new charge, and where the complaining witness had tes-
    tified at the preliminary examination that a money clip, as
    well as the $50, was taken from him (MCLA § 767.76).

4. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO
    JURY.
    Failing to instruct the jury on a lesser included offense was
    not error where the defendant made no request for an in-
    struction on lesser included offenses.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 41 Am Jur 2d, Indictments and Informations §§ 200, 204.
[4] 5 Am Jur 2d, Appeal and Error §§ 673, 891.

Appeal from Recorder's Court for the City of Detroit, Frank G. Schemanske, J. Submitted Division 1 June 16, 1971, at Detroit. (Docket No. 9836.) Decided July 28, 1971. Leave to appeal denied, 387 Mich 788.

Clifford Bruce was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Vincent E. Kaye,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

PER CURIAM. Defendant was convicted of robbery armed, MCLA §750.529 (Stat Ann 1971 Cum Supp § 28.797), and sentenced to prison for a period of 7-1/2 years to 20 years.

Defendant first raises the question of whether the fact that the trial court allowed the information to be amended to include the taking of a black leather money clip, on the date of the trial, prejudiced the rights of the defendant to such an extent that he is entitled to a new trial.

The trial court may amend an information so long as it does not change the offense or make a new charge.[1] If the amendment attempts to cure a defect in the statement of the offense charged, and the original statement was sufficient to apprise the defendant and the trial court of the nature of the

---

[1] MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016).

charge, it is not error to allow amendment. *People v. White* (1970), 22 Mich App 65; *People v. Brandon* (1969), 16 Mich App 601.

In the instant case, the defendant's rights were not prejudiced since the amendment only added the money clip as an item taken and did not change the offense nor charge a new offense. The original information charged the defendant with taking $50 in money, being armed. Furthermore, at the preliminary examination, the complaining witness testified that a money clip as well as the $50 was taken from him.

We conclude that defendant's rights were not prejudiced and the trial court did not err in allowing the amendment.

Although defendant alleges that the verdict was against the great weight of the evidence, the issue is improperly phrased, since defendant's argument concerns the sufficiency of the evidence presented by the plaintiff. See *People v. Jagosz* (1931), 253 Mich 290; *People v. Mattison* (1970), 26 Mich App 453; *People v. Paintman* (1970), 28 Mich App 590.

The prosecutor introduced testimony that the defendant stole a black money clip and approximately $50 in cash from the complaining witness, at knifepoint. The defendant was identified at trial by the complaining witness. We conclude that there was sufficient evidence adduced at trial which, if believed by the jury, would sustain a verdict of guilty beyond a reasonable doubt.

Defendant also contends that the trial court erred reversibly by failing to include the lesser included offense of robbery unarmed in its charge to the jury. We disagree.

In Michigan, the general rule for lesser included offenses is:

"that, in the absence of request to charge, the court does not err in failing to instruct upon the included offenses." *People* v. *Lemmons* (1970), 384 Mich 1, 3.

No request to charge this lesser included offense was made. *People* v. *Jones* (1935), 273 Mich 430; *People* v. *Allie* (1921), 216 Mich 133; *People* v. *Collins* (1921), 216 Mich 541.

The other alleged errors raised by the defendant are without merit.

Affirmed.