PEOPLE v RAY JACKSON

1. SEARCHES AND SEIZURES—STANDING TO CONTEST SEARCH.

A defendant has no standing to contest a search and seizure
where he (a) was not on the premises at the time of the
contested search and seizure, (b) alleges no proprietary or
possessory interest in the premises, and (c) is not charged with
an offense that includes, as an essential element of the offense
charged, possession of the seized evidence at the time of the
contested search and seizure.

2. CRIMINAL LAW—ENTERING WITHOUT BREAKING—ELEMENTS OF OF-
FENSE—STATUTES.

The elements of the crime of entering without breaking with
intent to commit larceny are: (1) entering without breaking (2)
a building for public or private use (3) with the intent to
commit larceny (MCLA 750.111; MSA 28.306).

3. SEARCHES AND SEIZURES—STANDING TO CONTEST SEARCH.

A defendant charged with entering without breaking with intent
to commit larceny does not have standing to contest the search
of an automobile and seizure of a stolen calculator from the
automobile where the defendant was not present during the
search and seizure, the defendant did not own the automobile,
and the possession of the calculator is not an element of the
crime charged.

Appeal from Wayne, Nathan J. Kaufman, J.
Submitted July 6, 1976, at Detroit. (Docket No.
26647.) Decided September 23, 1976.

Ray L. Jackson was convicted of entering with-

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 29 Am Jur 2d, Evidence § 418.
    68 Am Jur 2d, Searches and Seizures §§ 16, 120 *et seq.*
    Nature of interest in, or connection with, premises searched as
    affecting standing to attack legality of search. 78 ALR2d 246.
[2] 50 Am Jur 2d, Larceny §§ 9–54.

out breaking with the intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*Peter L. La Duke,* for defendant.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

PER CURIAM. On June 14, 1974, defendant was charged with breaking and entering a business place with the intent to commit larceny therein. MCLA 750.110; MSA 28.305. In response to defense counsel's motion for a directed verdict, the trial judge dismissed the original charge and instructed the jury on the crime of entering without breaking with the intent to commit larceny therein. MCLA 750.111; MSA 28.306. On October 30, 1974, the jury found defendant guilty as charged. He was sentenced to serve a term of not less than 18 months nor more than 5 years in prison. Defendant appeals as of right.

Approximately fifteen minutes after receiving a description and license plate number of an automobile allegedly used by three men in a reported breaking and entering, two Livonia police officers stopped an automobile matching the given description. The occupants of the automobile were defendant Jackson, Leevester Hawthorne and Dion Hudson. Defendant Jackson and Hawthorne were ar-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

rested. Dion Hudson, the driver of the automobile, was turned over to the juvenile authorities upon belief that he was 16 years old.

The automobile was brought to the police station where it was searched by one of the arresting officers who had information that a stolen calculator was in the trunk. The calculator was found in the trunk. No effort was made to obtain a search warrant.

Defendant claims that the search of the automobile trunk was an illegal search and seizure and that the trial court erred in refusing to suppress the evidence resulting therefrom.

The trial court properly denied defendant's motion to suppress. Defendant lacks standing to challenge the search and seizure. The test for determining standing has been stated in *Brown v United States,* 411 US 223, 229; 93 S Ct 1565, 1569; 36 L Ed 2d 208, 214 (1973), as follows:

"[T]here is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure."

The test has been subsequently interpreted that a defendant need only qualify under one of the three sections to have standing. See cases cited in *People v Morgan Clark,* 68 Mich App 674; 243 NW2d 914 (1976) (dissent).

In the instant case defendant was not in or about the automobile when it was searched and therefore does not qualify under (a). He did not own the automobile and thus fails to meet section

(b) of the test. And finally, defendant was charged with the crime of entering without breaking with the intent to commit larceny, the elements being: (1) entering without breaking (2) a building for public or private use (3) with the intent to commit larceny. MCLA 750.111; MSA 28.306. Possession of the calculator is not an essential element of the charged crime. Defendant, failing to meet any of the three sections of the test, does not have standing to challenge the search and seizure.

We have carefully reviewed the remaining issues and find that they merit no discussion.

Affirmed.