PEOPLE v GREENWOOD

Docket No. 78-402. Submitted November 21, 1978, at Detroit.—Decided December 5, 1978.

Robert Greenwood was charged with arson in the burning of a building. On the date set for trial, defense counsel moved to suppress any evidence gathered from the arson investigation because of the failure to procure a search warrant. The evidence was ordered suppressed by the Detroit Recorder's Court, Donald L. Hobson, J. As a result of this ruling, the prosecution indicated its inability to proceed and the case was dismissed without prejudice. From this dismissal, the people appeal by leave granted. *Held:*

The evidence was improperly suppressed. The defendant did not have standing to challenge the admissibility of this evidence because 1) the defendant had no rights whatsoever in the searched premises and therefore no reasonable expectation of privacy, 2) there was no showing that the defendant was on the grounds at the time of or after the fire, 3) the defendant himself admitted that he did not own or occupy the grounds on which the blaze occurred, and 4) the defendant was not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence.

Reversed, and remanded for trial.

1. SEARCHES AND SEIZURES—SEARCH WARRANTS—FIRE-DAMAGED PREMISES—EXPECTATION OF PRIVACY.

Absent consent to the search or abandonment of the premises, a warrant is required in order for police to re-enter and search

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures §§ 35, 36.
[2] 5 Am Jur 2d, Appeal and Error §§ 601, 602.
   29 Am Jur 2d, Evidence § 418.
[3] 29 Am Jur 2d, Evidence § 418.
   Nature of interest in or connection with, premises searched as affecting standing to attack legality of search. 78 ALR2d 246.
   Interest in property as requisite of accused's standing to raise question of constitutionality of search and seizure. 4 L Ed 2d 1999.
[4] 5 Am Jur 2d, Arson and Related Offenses §§ 11, 12.

an area once a fire has been extinguished and the fire fighters have left the premises, because, even where occupancy is impossible, an expectation of privacy is warranted since private effects often remain on the fire-damaged premises.

2. APPEAL AND ERROR—EVIDENCE—SUPPRESSION OF EVIDENCE—STANDING.

The Court of Appeals, in determining whether a trial court properly granted a defendant's motion to suppress evidence, must necessarily consider the prefatory issue of whether the defendant had the requisite standing from which to voice his objection to the admission of the allegedly unconstitutional evidence.

3. SEARCHES AND SEIZURES—STANDING—PREMISES SEARCHED—PROPRIETARY OR POSSESSORY INTEREST—OFFENSE CHARGED—EXPECTATION OF PRIVACY.

A defendant has no standing to contest a search and seizure where the defendant 1) was not on the premises at the time of the contested search and seizure, 2) alleged no proprietary or possessory interest in the premises, and 3) was not charged with an offense that includes, as an essential element, possession of the seized evidence at the time of the contested search and seizure; to contest a search a defendant need only meet one of the three qualifications; however, the defendant must normally demonstrate some legitimate interest in the premises searched or the objects seized and such inquiry has characteristically turned on the scope of the defendant's reasonable expectation of privacy.

4. ARSON—BUILDING—REAL PROPERTY—INSTRUMENTALITY TO SET FIRE—STATUTES.

The crime of willfully or maliciously burning a building requires 1) the burning of any building or other real property, or the contents therefore, and 2) that the fire was willfully or maliciously set; possession of any instrumentality used to set the fire is not an essential element of the crime (MCL 750.73; MSA 28.268).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

*Vesta Svenson,* for defendant on appeal.

Before: D. C. RILEY, P.J., and BRONSON and T. GILLESPIE,* JJ.

D. C. RILEY, P.J. Defendant Robert Greenwood was charged with the burning of a building during the early morning hours of July 4, 1977, contrary to MCL 750.73; MSA 28.268. At the preliminary examination, Lieutenant James Szafran, an investigator for the City of Detroit, testified that he arrived to examine the area approximately 8 hours after the fire department responded to the blaze. During his exploration, Szafran found and collected evidence of the recent burning, and also took photographs of the scene. It was his conclusion that the fire was of an incendiary nature.

On the date set for trial, defense counsel moved to suppress any evidence gathered from the arson investigation because of the failure to procure a search warrant. Over the prosecution's objection that defendant lacked standing to complain of the search, the court below, on the authority of *People v Tyler,* 399 Mich 564; 250 NW2d 467 (1977), ordered the evidence suppressed. As a result of this ruling, the prosecution indicated its inability to proceed and the case was dismissed without prejudice. From this dismissal the people appeal.

In *Tyler, supra,* the Michigan Supreme Court held that absent consent or abandonment, a warrant is required in order to re-enter and search an area once a fire has been extinguished and the fire fighters have left the premises. *Tyler* was subsequently appealed to the United States Supreme Court which substantially affirmed the previous

---

* Circuit judge, sitting on the Court of Appeals by assignment.

decision. *Michigan v Tyler,* 436 US 499; 98 S Ct 1942; 56 L Ed 2d 486 (1978).

In determining whether the trial court properly granted defendant's motion to suppress we must necessarily consider the prefatory issue of whether defendant had the requisite standing from which to voice his objection to the admission of the alleged unconstitutional evidence. Neither the United States Supreme Court *Tyler* opinion, nor the Michigan Supreme Court decision, specifically addressed this issue. However, those opinions spoke of protecting the expectation of privacy of persons who lived in their homes or worked in offices after those premises were burned. *Michigan v Tyler, supra,* 436 US at 505–506, *People v Tyler, supra,* at 582–583. Even where occupancy was impossible the United States Supreme Court stated that an expectation of privacy is warranted since "private effects often remain on the fire-damaged premises". *Michigan v Tyler, supra,* 436 US at 505. The Court consistently referred to "occupants" and "owners" as being those persons protected by the warrantless investigation of fire officials. *Michigan v Tyler, supra,* 436 US at 508–509.

The test for determining standing is summarized in *Brown v United States,* 411 US 223, 229; 93 S Ct 1565; 36 L Ed 2d 208 (1973), as follows:

"[T]here is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure."

A defendant need only qualify under one of the

three sections to contest a search. *People v Ray Jackson,* 71 Mich App 487, 489; 247 NW2d 382 (1976), *People v Morgan Clark,* 68 Mich App 674, 692; 243 NW2d 914 (1976) (NOBLE, J., dissenting). Yet, as *Brown supra,* indicates, defendant must normally demonstrate some legitimate interest in the premises searched or the objects seized, *United States v Hunt,* 505 F2d 931, 939–940 (CA 5, 1974), *cert den,* 421 US 975; 95 S Ct 1974; 44 L Ed 2d 466 (1975), and such inquiry has characteristically turned on the scope of defendant's "reasonable expectations of privacy". *Hunt, supra,* at 940. See *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967).

Michigan decisions have underscored the necessity that a defendant come within the ambit of these traditionally recognized connections with the territory subject to the intrusion. Thus, for example, in *Jackson, supra,* the Court, citing *Brown,* held that defendant lacked standing to object to the search of another's car subsequent to the arrest of defendant and out of his presence. Similarly, in *People v Scott,* 44 Mich App 462; 205 NW2d 291 (1973), defendant did not have standing to contest an invalid search of his girl-friend's residence. See also *People v Hale,* 7 Mich App 127; 151 NW2d 240 (1967), wherein it was determined that the accused could not object to a search and seizure of property owned by another.

Turning to the case at bar, we hold that defendant lacked the requisite standing to protest the introduction at trial of any incriminating evidence gathered during the post-fire investigation. From the information revealed in the transcript, defendant had no rights whatsoever in the searched premises and therefore no reasonable expectation of privacy. There is no showing that defendant was

on the grounds at the time of or after the fire. Defendant himself admitted that he did not own or occupy the grounds on which the blaze occurred. Finally, defendant was not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence.[1]

The evidence being properly admissible, the lower court erred in ordering its suppression. We therefore remand the case to the court below for trial on the charged offense. Because of our holding, we need not reach the question of whether the investigative entry, 8 hours subsequent to the fire, constituted an illegal search and seizure for lack of a valid warrant.

Reversed and remanded.

---

[1] MCL 750.73; MSA 28.268 requires: (1) the burning of any building or other real property, or the contents thereof, and (2) that the fire was willfully or maliciously set. Possession of any instrumentality used to set the fire is not an essential element of the charged crime.