PEOPLE v ERSKIN

Docket No. 78-2223. Submitted May 9, 1979, at Lansing.—Decided October 1, 1979.

Larry L. Erskin was charged with two counts of receiving and concealing stolen property and was bound over for trial on those charges following a preliminary examination. Prior to trial, the prosecution moved to amend the information to include two counts of larceny. Defense counsel, arguing that such amendment was improper because defendant had not received a preliminary examination on the larceny charges, moved to remand for a preliminary examination on the new charges. The Ingham Circuit Court, James T. Kallman, J., denied the motion to remand and permitted the prosecution to amend the information by adding the larceny counts.

The facts surrounding the charges were essentially undisputed. A Lansing police officer observed two vehicles, a Camaro and a Pontiac, each of which bore the same license plate number. The officer had the Camaro halt and gave chase to the Pontiac. After stopping the Pontiac, the officer asked the driver, defendant, to produce a driver's license, registration and proof of insurance. Defendant was only able to produce the license of another person. The officer observed that the Pontiac's VIN plate bore evidence that it had been pried loose at one time. Upon returning to the Camaro, which was now abandoned, the officer observed evidence that the Camaro's VIN

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law 4451, 455.
[2] 41 Am Jur 2d, Indictments and Information § 177 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 443.
[4] 41 Am Jur 2d, Indictments and Information § 207.
[5] 21 Am Jur 2d, Criminal Law § 440 *et seq.*
  41 Am Jur 2d, Indictments and Information § 200.
[6] 5 Am Jur 2d, Appeal and Error § 881.
[7] 68 Am Jur 2d, Searches and Seizures § 57.
  Lawfulness of "inventory search" of motor vehicle impounded by police. 48 ALR3d 537.
[8] 68 Am Jur 2d, Searches and Seizures §§ 9, 41 *et seq.*
[9] 41 Am Jur 2d, Indictments and Information § 183.

plate had been tampered with and determined that the car possessed an incorrect license plate number. The officer searched the Camaro in the hope of determining its ownership. A trunk was found in the rear seat of the Camaro. After the Camaro was towed and impounded, the officer continued his search and inventoried the contents. In the trunk found in the rear seat of the Camaro the officer found a title to the Camaro, in a name other than defendant's, and letters addressed to defendant.

Defendant moved to suppress the admission of the items discovered during the officer's inventory search of the Camaro. The trial court denied the motion to suppress. At the close of the prosecution's proofs, defendant moved for dismissal on all counts. The trial court denied the motion to dismiss with respect to the receiving and concealing stolen property counts, granted the motion with respect to the larceny of the Camaro and took under advisement the motion with respect to the Pontiac. Defendant took the stand and admitted that he had stolen both the Pontiac and Camaro. Following all proofs, defendant waived a jury trial and was thereafter found guilty of one count of larceny over $100 by the trial court. He was also convicted as a habitual offender. Defendant appeals, arguing error in the granting of the motion to amend and the denial of the motion to suppress. *Held:*

1. A new preliminary examination is not necessary where the amended information does not introduce a new and different offense but rather simply amends as to form. The statute permitting amendment of the information does not, however, authorize the amendment of the information without a new preliminary examination where a new offense is charged and where such new charge is of such a nature that the original information could not be said to have fairly apprised the defendant and the court of its nature.

2. The language of the Michigan Supreme Court in *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978), to the effect that the prosecution may charge both larceny and receiving and concealing stolen property does not sanction the addition of a larceny count to an information charging receiving and concealing stolen property by means of a pre-trial amendment to the information without a remand for a preliminary examination on the larceny count. Such language does not relieve the prosecution of showing, prior to filing the amended information, that the larceny was committed and there is probable cause to believe that defendant committed it.

3. While it was error for the trial court to permit, prior to

trial, amendment of the information by the addition of larceny counts without first remanding for a preliminary examination on those additional counts, such error was harmless error, since defendant took the stand and admitted the theft of the subject property. Since an amendment to the information would have been proper after such testimony had been given, no reversible error resulted from the pre-trial amendment.

4. A trial court's determination relative to the suppression of evidence obtained through an allegedly illegal search and seizure will not be overturned unless that determination is found to be clearly erroneous.

5. The inventory search of the lawfully impounded automobile was reasonable because it served not only the legitimate concerns for the protection of the owner's property and the protection of the police from claims and disputes over lost or stolen property, but also because it assisted the police in determining the true ownership of the automobile. The search being reasonable, the evidence seized in that search was properly admitted into evidence.

Affirmed.

G. W. CROCKETT, JR., J., dissented. He would hold that the error resulting in permitting amendment of the information prior to trial without remanding for a preliminary examination on the added count cannot be said to be harmless error. The pre-trial amendment of the information caused defendant to take the stand and thereby occasioned defendant's admission, which is the sole basis for his conviction. He would reverse and remand for a preliminary examination with instructions that defendant's trial testimony be excluded *in toto*.

OPINION OF THE COURT

1. INDICTMENT AND INFORMATION — AMENDMENT — RE-EXAMINATION — STATUTES.

A new preliminary examination is unnecessary where an amended information does not introduce a new and different offense, but rather simply amends as to form (MCL 767.76; MSA 28.1016).

2. INDICTMENT AND INFORMATION — AMENDMENT — NEW OFFENSE — STATUTES.

The statute permitting amendment of an information does not authorize the addition of a new charge by way of amendment, but rather only permits the curing of defects in the statement

of an offense which has already been sufficiently charged to fairly apprise the defendant and court of its nature (MCL 767.76; MSA 28.1016).

3. CRIMINAL LAW — PRELIMINARY EXAMINATIONS — PROBABLE CAUSE.

The primary purpose of a preliminary examination is to determine if a crime has been committed and, if so, whether there is probable cause to believe that the defendant committed it.

4. INDICTMENT AND INFORMATION — AMENDMENT — PRELIMINARY EXAMINATION — PROBABLE CAUSE.

The addition of a charge of larceny by means of an amendment to an information charging receiving and concealing stolen property, where such amendment takes place prior to trial and without a preliminary examination on the new charge, is not sanctioned by court precedent; the prosecution is not relieved of showing, prior to filing the amended information, that the crime has been committed and that there is probable cause to believe that defendant committed it.

5. INDICTMENT AND INFORMATION — AMENDMENT — PRELIMINARY EXAMINATION — PROBABLE CAUSE — HARMLESS ERROR.

It is error to permit the addition, prior to trial, of a count charging larceny to an information charging receiving and concealing stolen property without first remanding for a preliminary examination on the added count; however, the error was harmless where a defendant took the stand and admitted the theft of the subject property, since the prosecution could have sought such amendment upon the revelation.

6. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — MOTION TO SUPPRESS — CLEARLY ERRONEOUS.

A trial court's determination relative to the suppression of evidence obtained through an allegedly illegal search and seizure will not be overturned unless that determination is found to be clearly erroneous.

7. SEARCHES AND SEIZURES — INVENTORY SEARCHES — REASONABLENESS — FACTORS.

An examination and inventory of an automobile's contents following a lawful impoundment is reasonable because such procedure is a legitimate response to the need: (1) to protect the owner's property while it remains in police custody, (2) to protect the police against claims or disputes over lost or stolen property, and (3) to protect the police from potential danger.

8. SEARCHES AND SEIZURES — INVENTORY SEARCHES — REASONABLE-
    NESS.
    It was reasonable and proper to impound and make an inventory
    search of an automobile which was abandoned by the driver,
    had evidence that the VIN plate had been tampered with, and
    bore an incorrect license plate number, since such a search was
    not only to protect the owner's property and protect the police
    against claims and disputes, but also because such a search
    assisted the police in determining the ownership of the automo-
    bile; the evidence secured during the inventory was properly
    admitted into evidence.

                DISSENT BY G. W. CROCKETT, JR., J.

9. INDICTMENT AND INFORMATION — AMENDMENT — NEW OFFENSE —
    PRELIMINARY EXAMINATION.
    *The failure to remand for a preliminary examination on a lar-
    ceny count added by way of amendment by the prosecution
    prior to trial to an information charging receiving and conceal-
    ing stolen property was not harmless error in that such error
    may have caused the defendant to take the stand and thereby
    admit the larceny.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Peter D. Houk,*
Prosecutor, *Michael G. Woodworth,* Chief Appel-
late Attorney, and *Charles M. Sibert,* Assistant
Prosecuting Attorney, for the people.

*Paul L. Decocq,* for defendant on appeal.

Before: D. C. RILEY, P.J., and V. J. BRENNAN and
G. W. CROCKETT, JR.,* JJ.

D. C. RILEY, P.J. Defendant was convicted of
larceny over $100, MCL 750.356; MSA 28.588, and
was also determined to be an habitual offender,
MCL 769.12; MSA 28.1084. He was sentenced to 10
to 30 years imprisonment and appeals as of right.

* Former Detroit Recorder's Court Judge, sitting on the Court of
Appeals by assignment pursuant to Const 1963, art 6, § 23 as
amended in 1968.

The pertinent facts are essentially undisputed. On November 28, 1977, officer Stephen Early of the Lansing Police Department observed two vehicles, a blue Camaro and a black over gold Pontiac, which bore the same license number. He pulled the Camaro to a' halt and then gave chase to the Pontiac. Following a successful pursuit, he asked the driver, whom he identified as the defendant, to produce a driver's license, registration and proof of insurance. Defendant could only produce the license of another person. Early then observed that the VIN (vehicle identification number) plate bore scratch marks and appeared to be bowed out, indicating that the plate had been pried loose at one time.

Both Early and defendant returned to the Camaro, whose driver by now had fled the scene. Again, the officer noticed that the VIN had been tampered with, and further determined that the car possessed an incorrect license plate number. At this time, the Camaro was searched in the hope of producing some indication of ownership. A few tools and a black trunk were found in the back seat. Officer Early then had the vehicle towed and impounded, at which time he continued the search of the automobile and inventoried its contents. Upon opening the trunk, he found a title to the Camaro in a name other than defendant's, and also discovered letters with defendant's address on them.

Both cars were later confirmed as stolen when a LEIN check of the hidden VIN plates revealed their true owners.

Defendant was charged in two counts of receiving and concealing stolen property over $100, contrary to MCL 750.535(1); MSA 28.803(1), and was bound over for trial on same following preliminary

examination. Prior to the commencement of trial, the prosecution moved to amend the information to include two additional counts of larceny over $100, MCL 750.356; MSA 28.588. The prosecutor indicated that his motion was premised upon the Supreme Court's opinion in *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978), which had been released shortly before defendant's trial. Defense counsel argued that defendant had not received a preliminary examination on the added larceny charges. The prosecutor countered that *Kyllonen* authorized the additional charges prior to, or even during, trial. Pursuant to a review of the *Kyllonen* decision, the trial court denied defendant's motion to remand and granted the prosecutor's request to amend for the additional counts.

Following the presentation of evidence during the prosecution's case-in-chief, defendant moved for a directed verdict on all charges. Defense counsel's argument was directed primarily at the lack of evidence supporting the larceny charges. The trial court found there to be sufficient evidence regarding the receiving and concealing of stolen property charges, but found no proof of a larceny of the Camaro by the defendant. That count was therefore dismissed. The court, however, took the count involving larceny of the Pontiac under advisement.

Defendant then took the stand and admitted that he had stolen both the Pontiac and Camaro. Upon the completion of defendant's testimony, and before the jury was to be instructed, defendant waived jury trial, after which the lower court found defendant guilty of one count of larceny over $100.

Defendant now claims that the trial judge erred by failing to remand for a preliminary examination on the two added counts of larceny. We agree.

MCL 767.69; MSA 28.1009[1] permits the offenses cited to be charged in the same information. MCL 767.76; MSA 28.1016 allows for amendment under authority of the trial court as follows:

"The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury."

Where an amended information does not introduce a new and different offense, but simply constitutes an amendment as to form, remand for rearraignment or a new preliminary examination is unnecessary. *People v Iaconis,* 29 Mich App 443, 463; 185 NW2d 609 (1971), *aff'd sub nom People v Bercheny,* 387 Mich 431; 196 NW2d 767 (1972), *People v Batten,* 9 Mich App 195, 202; 156 NW2d 640 (1967). However, the quoted statute does not authorize the court to allow the changing of the offense or the addition of a new charge by way of amendment; rather, it only permits the procedural

---

[1] "An indictment for larceny may contain also a count for embezzlement, larceny by conversion, obtaining property by false pretenses or for receiving or having in possession, or aiding in concealing the same property, knowing it to have been stolen, and the jury may convict of any such offense; and the jury may find all or any of the persons indicted, guilty of any of the offenses charged in the indictment. The prosecuting attorney shall not be required to elect between the offenses so charges." MCL 767.69; MSA 28.1009.

cure of defects in the statement of the offense which is already sufficiently charged to fairly apprise the defendant and court of its nature. *People v Sims,* 257 Mich 478, 481; 241 NW 247 (1932), *People v Bruce,* 35 Mich App 358, 359-360; 192 NW2d 634 (1971), *lv den* 387 Mich 788 (1972), *People v Cherry,* 27 Mich App 672, 675; 183 NW2d 857 (1970), *People v White,* 22 Mich App 65, 67; 176 NW2d 723 (1970), *People v Burd No 1,* 13 Mich App 307, 316-317; 164 NW2d 392 (1968). To hold otherwise would run afoul of MCL 767.42(1); MSA 28.982(1), which provides in pertinent part:

"An information shall not be filed against any person for a felony until such person has had a preliminary examination therefor, as provided by law, before an examining magistrate, unless that person waives his statutory right to an examination."

The primary purpose of the preliminary examination is to determine if a crime has been committed and, if so, whether there is probable cause to believe that the defendant committed it. *People v Duncan,* 388 Mich 489, 499; 201 NW2d 629 (1972), and cases cited therein.

"The right of defendant to a preliminary examination is not a constitutional right, *Woon v Oregon,* 229 US 586; 33 S Ct 783; 57 L Ed 1340 (1913), but it is one which the Michigan Supreme Court has called a 'fundamental right in most criminal cases,' *People v Duncan,* 388 Mich 489, 502; 201 NW2d 629, 635 (1972), and the United States Supreme Court has found to be a 'critical stage' in criminal proceedings. *Coleman v Alabama,* 399 US 1, 9; 90 S Ct 1999, 2003; 26 L Ed 387, 397 (1970)." *People v Skowronek,* 57 Mich App 110, 114; 226 NW2d 74 (1974).

In the present case, the prosecutor admitted,

when arguing for the proposed larceny amendments, that he had no information that defendant was the thief other than that he was in possession of recently stolen property and lived in a city adjacent to the city from which one of the cars was stolen. The prosecutor conceded that he did not believe defendant would have been bound over on the larceny charges had they been filed prior to the preliminary examination, but he, nevertheless, felt compelled by *People v Kyllonen, supra,* to add them.

A careful reading of the Supreme Court's opinion in *Kyllonen,* argued at length by the parties and relied upon by the trial judge, indicates that it does not obviate the need for a preliminary examination under the circumstances presented in the case at bar. In that case, defendant was originally charged with receiving and concealing stolen property, but revealed in mid-trial that he was the actual thief. The Court held that the receiving and concealing statute[2] was to be construed to exclude thieves who conceal property they had stolen, and that thieves were to be punished separately under the larceny statutes.[3] 402 Mich at 148.

The Court then addressed certain problems which the prosecution believed would flow from such an interpretation:

"The prosecution first contends that under today's decision a defendant charged only with buying, receiving or aiding in the concealment of stolen property may escape all criminal liability by simply revealing in midtrial or on appeal after a conviction that he was the thief and therefore not amenable to prosecution for buying, receiving or aiding in the concealment of stolen property. Apparently, this alarm is based on the as-

---

[2] MCL 750.535(1); MSA 28.803(1).

[3] MCL 750.356 *et seq.;* MSA 28.588(1) *et seq.*

sumption that reprosecution would be barred by the 'same transaction' test adopted in *People v White,* 390 Mich 245; 212 NW2d 222 (1973).

"Even if the crimes of larceny and buying, receiving or aiding in the concealment of stolen property could be said to arise from the same transaction, the prosecution would not be prohibited from reprosecution on the theft charge if the defendant's revelation that he was the thief was truly a surprise.[15] In *White, supra,* 258, fn 6, this Court said:

" 'We are aware that in certain situations, strict application of the same transaction test could lead to the anomalous result of foreclosing prosecution for an offense where the state had made a diligent and good faith effort to protect the defendant's constitutional rights.'

\*     \*     \*

"Further, the prosecution contends that today's decision requires proof beyond a reasonable doubt that the defendant was not the thief in order to secure a conviction for buying, receiving or aiding in the concealment of stolen property, and that this will be difficult to prove.

"This problem will vanish if the prosecution charges the defendant with both larceny and buying, receiving or aiding in the concealment of stolen property.[16] The prosecution then may simply present its proofs and the factfinder may convict the defendant of either crime or acquit him altogether, depending upon its perception of the evidence.

"[15] If the revelation of theft by the defendant is not a surprise, we anticipate that a diligent prosecutor would include both counts in the information.

"If the defendant's revelation comes in mid-trial, the prosecutor may ask the court's permission to amend the information to include a count of larceny. *See* MCLA 767.76; MSA 28.1016.

"[16] MCLA 767.69; MSA 28.1009 specifically authorizes the prosecution to add an alternate count of larceny to any information charging a defendant with buying, receiving or aiding in the concealment of stolen property, and MCLA 767.63; MSA 28.1003 permits the prosecution to charge both of these crimes in any county into which the stolen property was transported, even if the larceny actually took place in another county."

402 Mich at 148-150.

Contrary to the prosecutor's assertion, the foregoing language does not sanction the action taken by the court below, nor does it relieve the prosecution of showing, prior to filing the information, that a crime has been committed and that there is probable cause to believe that defendant committed it. The quoted language suggesting that a defendant may be charged with both larceny and receiving and concealing necessarily presupposes a factual showing at the preliminary examination of evidence sufficient to show directly, or to otherwise imply defendant's commission of both offenses.

An information is not predicated upon the complaint or the examination which precedes the issuance of a warrant, but is rather framed with reference to the facts disclosed at the preliminary examination. *People v Jones,* 75 Mich App 261, 267-268; 254 NW2d 863 (1977), *lv den* 402 Mich 822 (1977), *People v Norman,* 9 Mich App 647, 652; 158 NW2d 38 (1968). Here, as previously stated, the prosecutor admitted the absence of evidence at the preliminary examination which would allow defendant's bindover on the larceny charges. Thus, we hold it was error for the trial court to fail to remand for a preliminary examination on those counts. The error, however, was harmless. The count charging larceny of the Camaro was dismissed at the close of the prosecution's proofs. Thereafter, defendant admitted stealing both the Camaro and the Pontiac. Given defendant's admission of guilt,[4] we do not find grounds to reverse.

Defendant also challenges the warrantless in-

---

[4] Even though the larceny charges were improperly added prior to this point in trial, it is clear that the prosecution could have moved for amendment of the information after defendant's revelation of actual theft. See *People v Kyllonen,* 402 Mich 135, 149, fn 15.

ventory search of the vehicle and trunk following impoundment. The court below, in denying defendant's motion to suppress, held that defendant lacked standing to challenge the search.

A trial court's ruling at a suppression hearing will not be overturned unless that ruling is found to be clearly erroneous. *People v Young,* 89 Mich App 753, 763; 282 NW2d 211 (1979), *People v White,* 84 Mich App 351, 354; 269 NW2d 598 (1978), *People v Ulrich,* 83 Mich App 19, 21; 268 NW2d 269 (1978).

In his motion, defendant alleges a possessory interest in the black trunk. We need not decide whether this was sufficient under traditional principles of standing, *Brown v United States,* 411 US 223, 229; 93 S Ct 1565; 36 L Ed 2d 208 (1973), *People v Greenwood,* 87 Mich App 509, 512-513; 274 NW2d 832 (1978),[5] or whether defendant must have shown a possessory/proprietory interest in the apparently abandoned car, for we hold that, in either event, the inspection did not transgress the Fourth Amendment's proscription against warrantless searches. That amendment prohibits only "unreasonable" searches and seizures. *South Dakota v Opperman,* 428 US 364, 372-373; 96 S Ct 3092; 49 L Ed 2d 1000 (1976).

Whether a search and seizure is unreasonable for Fourth Amendment purposes depends upon the facts and circumstances of each case. *Cooper v California,* 386 US 58, 59; 87 S Ct 788; 17 L Ed 2d 730 (1967). In *Opperman, supra,* the Supreme

[5] But see *Rakas v Illinois,* 439 US 128; 99 S Ct 421; 58 L Ed 2d 387 (1978), decided ten months after the suppression hearing in the instant case, where the United States Supreme Court appeared to suggest that it would abandon the separate concept of standing in favor of an approach which focuses on the extent of a particular defendant's rights under the Fourth Amendment; *i.e.,* does the defendant have a legitimate expectation of privacy in the place or thing searched?

Court, without deciding whether the practice constituted a "search", upheld as reasonable (and therefore constitutionally permissible) the examination and inventory of an automobile's contents following lawful impoundment. In so characterizing the inventory, the Court noted that such a procedure constituted a legitimate response to three distinct needs: (1) the protection of the owner's property while it remains in police custody; (2) the protection of the police against claims or disputes over lost or stolen property; and (3) the protection of the police from potential danger. 428 US at 369.

In the case at bar, given the circumstances under which the vehicle was stopped, its apparent abandonment by the driver, and the indications that it had been stolen, there can be no quarrel that the car was legitimately taken into custody. Significantly, the investigation falls directly within the type of conduct sanctioned by *Opperman*. Officer Early testified at the preliminary examination that the inventory and tagging of the vehicle's contents was carried out pursuant to standard administrative police procedure. In addition, the intrusion was further rendered reasonable by his attempt to determine ownership upon suspicion that the vehicle was stolen. See *Opperman, supra* at 369.

Defendant's reliance on *United States v Chadwick,* 433 US 1; 97 S Ct 2476; 53 L Ed 2d 538 (1977), is misplaced. *Chadwick* was not an inventory search. There, following disembarkment at an airport, defendants were placing a marijuana filled, double-locked footlocker into the trunk of a car when they were arrested by Federal agents. In striking down the warrantless seizure and subsequent search of the footlocker, the Court noted

that the exploration of the footlocker could not be justified under the "automobile exception" to the warrant requirement, since a person's expectation of privacy in personal luggage was substantially greater than in an automobile. We deal here with a factually inapposite setting.

Defendant's convictions are hereby affirmed.

V. J. BRENNAN, J., concurred.

G. W. CROCKETT, JR., J. *(dissenting)*. I concur in that portion of the opinion which concludes that it was error to deny a preliminary examination of the added counts. However, I do not agree that the error was harmless. This error caused defendant to take the stand, thereby occasioning the admission which is the sole basis for his conviction.

I would reverse and remand for a preliminary examination and further order that defendant's prior trial testimony be excluded *in toto*.