PEOPLE v WILLETT

Docket No. 49567. Submitted May 8, 1981, at Lansing.—Decided October 19, 1981. Leave to appeal applied for.

Timothy W. Willett was convicted of first-degree criminal sexual conduct in the Genesee Circuit Court, Donald R. Freeman, J. Defendant appealed. *Held:*

1. Defendant did not admit his guilt to the charge at trial. Before trial, defendant moved to suppress evidence of the confession that he made on the day of his arrest. A hearing was held before an alternate for the trial judge in the instant case. That judge found that the defendant's attorney, who stated that the police had made three promises to defendant, was not credible and that the confession was voluntary and admissible. On appeal from a trial court's determination of voluntariness, the Court of Appeals is required to examine the entire record and make an independent determination of voluntariness. If the Court is left with a definite and firm conviction that the trial court erred in finding defendant's statement to be admissible, it should reverse. The Court of Appeals was not left with a definite and firm conviction that a mistake had been made.

2. Defendant sought a second suppression hearing on the ground that he had new evidence, an affidavit of a tape recording expert, which would indicate that his confession was made involuntarily. The Court of Appeals cannot properly consider

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations § 200 *et seq.*

[2] 29 Am Jur 2d, Evidence § 590.

[3] 4 Am Jur 2d, Appeal and Error §§ 491, 492.

[4] 58 Am Jur 2d, New Trial §§ 168, 169.

What constitutes "newly discovered evidence" within meaning of Rule 33 of Federal Rules of Criminal Procedure relating to motions for new trial. 44 ALR Fed 1000.

[5] 29 Am Jur 2d, Evidence § 320 *et seq.*

Admissibility, under Rule 404[b] of Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts similar to offense charged to show preparation or plan. 47 ALR Fed 781.

Admissibility, at .trial of criminal case, of evidence of defendant's criminal acts other than those charged—Supreme Court cases. 93 L Ed 184.

the affidavit or the report appended to the defendant's motion. These materials were not a part of the record in the trial court. Defendant sought a remand to establish an evidentiary record to support his claim. That procedure is proper when jurisdiction has moved to the Court of Appeals and a motion is no longer possible in the trial court. Before the Court of Appeals can grant a new trial because of newly discovered evidence, it must be shown that the evidence could not with reasonable diligence have been discovered and produced at trial. There had been no such showing.

3. At the close of the proofs and over defendant's objection, the trial court granted the prosecution's motion to amend the information to charge defendant with criminal sexual conduct accomplished through the use of force or coercion with a resultant personal injury to the victim. The original charge had been criminal sexual conduct, first-degree, under the circumstances of another felony, namely, breaking and entering with the intent to commit any other felony. During trial, the element of personal injury was almost ignored by both prosecution and defense. It was the defense counsel who asked the victim the sole question as to that element. A trial court has discretion to allow amendment of an information at any time so long as the defendant is not prejudiced by the amendment. Prejudice occurs where the defendant is not apprised of or given a chance to defend against the crime for which he is ultimately charged and where the defendant does not admit his guilt. The amendment after the close of proofs served to prejudice the defendant by denying him the opportunity to present evidence to disprove the element of personal injury to the victim.

Reversed and remanded.

1. CRIMINAL LAW — INFORMATION — AMENDMENT OF INFORMATION.

A trial court has discretion to allow amendment of an information at any time so long as the defendant is not prejudiced by the amendment; prejudice occurs where the defendant is not apprised of or given a chance to defend against the crime for which he is ultimately charged and where the defendant does not admit his guilt.

2. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — APPEAL.

The Court of Appeals should examine the entire record and make an independent determination where the issue on appeal is the voluntariness of a defendant's confession; the Court of Appeals should reverse a trial court's finding of voluntariness if it is left with a definite and firm conviction that the trial court erred.

3. APPEAL — RECORD ON APPEAL.

Information not part of the record in the trial court may not be considered on appeal.

4. NEW TRIAL — NEWLY DISCOVERED EVIDENCE — APPEAL.

A prerequisite to a grant of a new trial by the Court of Appeals on the ground of newly discovered evidence is a showing that the evidence could not have been discovered and produced at trial with due diligence.

5. CRIMINAL LAW — EVIDENCE — OTHER BAD ACTS — RULES OF EVIDENCE.

Evidence of other bad acts is admissible to show motive, opportunity, intent, preparation, scheme, plan or system in doing an act, knowledge, identity, or absence of mistake or accident where such a showing is material (MRE 404[b]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Daniel D. Brewer,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and M. F. CAVANAGH and BEASLEY, JJ.

PER CURIAM. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). He was sentenced to 30 to 40 years imprisonment with credit being given for 445 days served.

Defendant was arrested September 11, 1978. He made a confession that same evening after talking with his attorney for 5 to 10 minutes. Defendant's attorney was present at the time that a confession was made and recorded, in which defendant admitted guilt in four separate sexual assaults in the City of Flint and recounted details of each of the

crimes. A *Walker*[1] suppression hearing was held to determine whether the defendant's confession should be admitted into evidence at trial. At the hearing, defendant alleged that the officers who took defendant's confession promised him that they would see about not having other charges brought against defendant, that they would see about getting mental help for defendant, and that defendant would be released from prison as a young man. Defendant's attorney who was present at the time of the confession testified that these promises had been made to defendant. The police officers testified that no threats or promises were made to defendant. The judge, in a written opinion on defendant's motion to suppress, stated that defendant's attorney had testified that he told defendant that these promises would not bind the prosecutor. The attorney believed that the discussion concerning the promises had been taped but the recorder had been turned on and off several times. The court further stated that it had listened carefully to the tape and was satisfied that no discussion of the alleged promises had taken place. The court found that the defendant's confession was voluntary and could be admitted into evidence.

Defendant raises several issues on appeal. We find one issue raised by defendant warrants reversal of defendant's conviction.

Defendant contends that the trial court erred in denying defendant's motion for a directed verdict on the grounds that adequate evidence of personal injury in the form of mental distress was not presented by the state. At trial, the following colloquy took place between the defense attorney and the complaining witness:

[1] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

"*Q.* Mrs. * * *, isn't it true that you suffered a great deal of emotional trauma and shock as a result of what happened to you on that day?

"*A.* Yes."

We note the decision reached by the panel of this Court in *People v Baker #2,* 103 Mich App 704; 304 NW2d 262 (1981), where the defendant claimed that the victim having a sore neck and being upset after the incident was not sufficient to elevate third-degree criminal sexual conduct to first-degree criminal sexual conduct. The *Baker* Court rejected the defendant's argument because of the presence of other factors indicating the seriousness of the victim's mental anguish relying on *People v Gorney,* 99 Mich App 199; 297 NW2d 648 (1980). The *Gorney* panel found that there must be "extreme" or "serious" mental anguish to constitute the requisite personal injury in the criminal sexual conduct state and listed several factors which would establish extreme mental anguish. The *Baker* Court did not find it necessary to reach the issue concerning the level of mental anguish sufficient to constitute personal injury for first-degree criminal sexual conduct. Judge ALLEN in *Baker* stated in a footnote:

"The legislative intent of the present statute is apparent from its legislative history. The original Senate Bill (SB 1207) used the terms 'serious personal injury' and 'extreme mental anguish'. The initial House substitute for SB 1207 eliminated the adjective 'serious' from personal injury and changed 'extreme mental anguish' to 'severe mental anguish'. Later, the word 'severe' was struck from the bill and an amendment to reinsert this term was defeated. Therefore, the clear legislative intent was that any personal injury or any mental anguish suffice. This is noted in *People v Gorney, supra,* 207, fn 5.

"*People v Adamowski,* 340 Mich 422, 429; 65 NW2d 753 (1954), holds that courts should not, without clear and cogent reason, give a statute a construction the Legislature plainly refused to give. Although this is not the appropriate case to consider the void for vagueness argument raised by defendant since the present case meets the *Gorney* 'extreme' mental anguish standard, this Court notes that: (1) not all third degree CSC involves mental anguish, *e.g.,* consensual sexual intercourse with a person who is at least 13 years of age and under 16 years of age, and (2) prosecutorial discretion with regard to the crime charged arising out of the same conduct has withstood constitutional attack, *e.g.,* larceny in a building versus shoplifting." *People v Baker, supra,* 709, fn 1.

While we are not convinced that the mental anguish testified to by the victim here, without more, is sufficient in light of *Baker* and *Gorney* to establish the requisite degree of personal injury for first-degree criminal sexual conduct, it is not necessary for us to decide that issue because we must reverse the defendant's conviction on other grounds.

At the close of the proofs and over defendant's objection, the trial court granted the prosecution's motion to amend the information to charge defendant with criminal sexual conduct accomplished through the use of force or coercion with a resultant personal injury to the victim. The original charge had been criminal sexual conduct, first-degree, under the circumstances of another felony, namely, breaking and entering with the intent to commit any other felony.

MCL 767.76; MSA 28.1016, provides in pertinent part:

"The court may at any time before, during or after the trial amend the indictment in respect to any defect,

imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a resonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury."

Generally, amendment of the information is permitted at any time so long as the defendant is not prejudiced. *People v Mahone,* 97 Mich App 192, 195; 293 NW2d 618 (1980). Where the original information adequately informed the defendant of the nature of the charge, this Court has permitted the prosecution to amend an information after the jury has rendered a verdict.

In *People v Erskin,* 92 Mich App 630, 637-638; 285 NW2d 396 (1979), this Court recognized that MCL 767.76; MSA 28.1016 does not allow changing an offense or adding a new charge by amendment. In *Erskin,* the Court found error in allowing the prosecution to add additional counts but found the error to be harmless when defendant admitted his guilt.

In the case at bar, defendant was charged with first-degree criminal sexual conduct under subsection (c), criminal sexual conduct in the course of committing another felony. Amendment was sought to allege criminal sexual conduct under subsection (f), which requires a showing of personal injury to the victim and a showing that force or coercion was used to accomplish the sexual penetration. The element of personal injury was

almost ignored by both prosecution and defense. It was the defense counsel, in fact, who asked the victim the sole question as to that element. Defendant knew that he was subject to a charge of first-degree criminal sexual conduct. It was the underlying basis raising the charge to the first-degree level which was the subject of the amendment after the close of proofs. Unlike the defendants in *Mahone* and *Erskin,* the defendant was not apprised of nor given the opportunity to defend against the crime for which he was ultimately charged. Prosecutors should take care in drafting their complaints to avoid the need for later amendment absent surprise developments at trial. This amendment after the close of proofs served to prejudice the defendant by denying him the opportunity to present evidence to disprove the element of personal injury to the victim.

Defendant did not admit his guilt to the charge at trial. We agree, however, with the trial court that the defendant's confession to the offense was freely and voluntarily given and so was admissible. Before trial, defendant moved to suppress evidence of the confession that he made on the day of his arrest. A hearing was held before an alternate for the trial judge in the instant case. That judge found that the defendant's attorney, who stated that the police had made three promises to defendant, was not credible and that the confession was voluntary and was admissible.

Defendant now argues that the court erred in finding the statement admissible. On appeal from a trial court's determination of voluntariness, this Court is required to examine the entire record and make an independent determination of voluntariness. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), *People v Carl Johnson,* 99 Mich App

547; 297 NW2d 713 (1980), *People v Smith,* 80 Mich App 106; 263 NW2d 306 (1977). If this Court is left with a definite and firm conviction that the trial court erred in finding defendant's statement to be admissible, this Court should reverse. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974), *People v Ewing (On Remand),* 102 Mich App 81, 85; 300 NW2d 742 (1980).

Where a defendant's statement is induced by promises of leniency, this Court has found such statement to be involuntary. *People v Pallister,* 14 Mich App 139; 165 NW2d 319 (1968). The defendant's attorney said that three promises had been made before the tape recorder was turned on and those promises were discussed again approximately two-thirds or three-quarters of the way through the tape. The police who testified at the *Walker* hearing denied that any promises had been made to the defendant before he made his confession. The trial court found more credible the testimony that no promises had been made to defendant. Where the trial court is in a position to view the witnesses' demeanor, that court is in a better position to make a determination of credibility. *People v Sparks,* 82 Mich App 44, 51; 266 NW2d 661 (1978).

An examination of the record that was before the court at the time it made its determination of credibility does not lead us to a definite and firm conviction that the trial court erred. There was no error in admitting defendant's confession based on an examination of the record that was before the court.

Defendant seeks a second suppression hearing on the ground that he has new evidence, an affidavit of a tape recording expert, which would indicate that his confession was made involuntarily.

This Court cannot properly consider the affidavit or the report appended to the defendant's motion. These materials were not a part of the record in the trial court, so they are not now properly before this Court. *People v Germain,* 91 Mich App 154, 163, fn 1; 284 NW2d 260 (1979), *People v Richardson,* 77 Mich App 411, 424; 258 NW2d 741 (1977), *rev'd on other grounds* 409 Mich 126; 293 NW2d 332 (1980). Defendant seeks a remand to establish an evidentiary record to support his claim. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). This procedure is proper when jurisdiction has moved to this Court and a motion is no longer possible in the trial court. Generally, where newly discovered evidence goes only to impeach earlier testimony, the proofs are not to be reopened. *People v Barbara,* 400 Mich 352, 363; 255 NW2d 171 (1977). Where, however, the newly discovered evidence would tend to show that testimony introduced at trial was perjured, a new trial may be warranted. *People v Barbara, supra.*

In seeking a remand, defendant would be relying on the ground of newly discovered evidence. Before this Court would grant a new trial because of newly discovered evidence, it must be shown that the evidence could not with reasonable diligence have been discovered and produced at trial. *People v Barbara, supra, People v Clark,* 363 Mich 643, 647; 110 NW2d 638 (1961), GCR 1963, 528.

In the case at bar, there has been no showing that this evidence was not available to the defendant had the defendant exercised due diligence at the time of the evidentiary hearing. As there is no explanation for defendant's failure to take this reasonable action, relief should be denied.

Finally, defendant objects to admission of evidence of three prior sexual assaults. The trial

court admitted this evidence after finding that there was substantial evidence that the defendant actually perpetrated the other acts, that the scheme, plan or system used in committing the other acts was material to a determination of the defendant's guilt of the charged offense, that evidence of this plan was material, that the probative value of this evidence outweighed its prejudicial effect and that the defendant's rights would be protected by a cautionary instruction.

Generally, evidence of a defendant's prior bad acts is inadmissible because the probative value of such evidence is outweighed by its prejudicial effect. *People v Bates,* 91 Mich App 506, 510; 283 NW2d 785 (1979), *lv den* 407 Mich 930 (1979). However, MRE 404(b) provides an exception to this general rule:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crime, wrongs, or acts are contemporaneous with, or prior or subsequent to the crime charged."

Because defendant's identity was in issue, the prosecution could have attempted to establish that defendant had used a particularly distinctive method of perpetrating several rapes, the distinctive characteristics of which would tend to show that defendant was in fact the perpetrator of the offense charged.

An examination of the three prior acts used by the prosecution does not disclose the degree of

similarity through distinguishing or peculiar characteristics that is required by *People v Major,* 407 Mich 394, 398; 285 NW2d 660 (1979). However, because there was substantial physical and testimonial evidence from which no reasonable juror could vote to acquit the defendant, the use of the similar acts evidence was harmless error. *People v Christensen,* 64 Mich App 23; 235 NW2d 50 (1975), *lv den* 397 Mich 839 (1976).

Because the prosecution's amendment of the information after the close of proofs caused prejudice to defendant by denying him the opportunity to present evidence on all elements of the crime, we reverse the defendant's conviction of first-degree criminal sexual conduct and remand for a new trial.

D. E. Holbrook, Jr., J., concurs in the result only.