PEOPLE v MAHONE

Docket No. 78-2205. Submitted February 14, 1980, at Detroit.—Decided March 19, 1980.

Defendant, Alyna Mahone, was charged in an information with first-degree murder and possession of a firearm during the commission of a felony, specifically, first-degree murder. At the conclusion of a preliminary hearing defendant was bound over for trial on second-degree murder and felony-firearm. He was convicted in Recorder's Court of Detroit, John Patrick O'Brien, J., of involuntary manslaughter and felony-firearm. Subsequent to the findings, the court allowed the prosecutor to amend the information to conform the felony-firearm charge to the verdict. Defendant appeals. *Held:*

1. A defendant who, armed with a rake, chased a victim who was armed with a gun, wrestled the gun from him and shot and killed him may properly be found guilty of both involuntary manslaughter and felony-firearm.

2. A trial court may, in its discretion, allow the amendment of an information at any time before, during or after trial and the Court of Appeals will not reverse a decision allowing amendment unless it finds that the defendant was prejudiced in his defense or that a failure of justice resulted.

3. The felony-firearm statute is not unconstitutionally vague.

Affirmed.

1. Criminal Law — Felony-Firearm — Involuntary Manslaughter — Possession of a Firearm.

A defendant who, armed with a rake, chased a victim who was armed with a gun, wrestled the gun from him and shot and killed him may properly be found guilty of both involuntary manslaughter and felony-firearm.

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 189.

[2] 41 Am Jur 2d, Indictments and Informations § 201.
Power of court to make or permit amendment of indictment with respect to allegations as to time. 14 ALR3d 1297.

[3] 21 Am Jur 2d, Criminal Law § 17.

2. CRIMINAL LAW — INFORMATION — AMENDMENT OF INFORMATION — APPEAL.

> A trial court may, in its discretion, allow the amendment of an information at any time before, during or after trial and the Court of Appeals will not reverse a decision allowing amendment unless it finds that the defendant was prejudiced in his defense or that a failure of justice resulted.

3. CRIMINAL LAW — FELONY-FIREARM — DUE PROCESS — STATUTES — VAGUENESS.

> The felony-firearm statute is not unconstitutionally vague (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Michael Lehto,* Assistant Prosecuting Attorney, for the people.

*Milton R. Henry,* for defendant.

Before: BRONSON, P.J., and BEASLEY and D. C. RILEY, JJ.

PER CURIAM. Defendant, Alyna Mahone, was charged with first-degree murder, in violation of MCL 750.316; MSA 28.548, and possession of a firearm during the commission of a felony, specifically, first-degree murder, in violation of MCL 750.227b; MSA 28.424(2).

At the preliminary examination, defendant was bound over on second-degree murder, MCL 750.317; MSA 28.549, and felony-firearm. After a bench trial, defendant was found guilty of involuntary manslaughter and felony-firearm. He was sentenced to five years probation, the first six months to be served in the Wayne County jail, on count one and the mandatory two years imprisonment on count two. Defendant now appeals as of right, raising four issues.

Defendant first argues that, since the trial court found that he did not possess a gun prior to shooting the victim, he cannot be found guilty of felony-firearm. We find this argument to be without merit.

In this case, the defendant chased the victim with a rake. The victim drew a gun, which defendant wrestled from him, pointed and fired, killing him. Defendant reasons that since he did not embark upon this crime with a gun in his possession, he cannot be guilty of felony-firearm. We do not agree.

The felony-firearm statute[1] provides:

"(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years."

A plain reading of this statute leads to the conclusion that anyone who has in his possession a firearm *at the time he commits or attempts to commit a felony* shall be guilty of felony-firearm. The statute does not state, and we do not interpret it to state, that a defendant must possess a firearm *prior to* the commission of a felony.

In this case, it is clear that at the time that defendant shot his victim, he possessed a firearm. Accordingly, the defendant's argument on this issue is without merit.

Defendant next argues that the trial court erred in allowing the prosecutor to amend the information after the trial court found the defendant guilty of both involuntary manslaughter and felony-firearm. We do not agree. In this case, the

[1] MCL 750.227b; MSA 28.424(2).

information charged defendant with first-degree murder and possession of a firearm during the commission of a felony, specifically, first-degree murder. Defendant was bound over for trial on second-degree murder and felony-firearm, however, the information was not corrected. After the trial court found defendant guilty of involuntary manslaughter and felony-firearm, defendant's attorney moved to dismiss the felony-firearm charge on the ground that the information specified the underlying felony as first-degree murder, which had not been proven. The trial court rejected this argument and allowed the amendment.

The general rule is that a trial court may allow the amendment of an information at any time before, during, or after trial. This Court will not reverse such a decision unless it finds that the defendant was prejudiced in his defense or that a failure of justice resulted.[2]

A defendant is not prejudiced by an amendment to the information to cure a defect in the offense charged when the original information was sufficient to inform the defendant and the court of the nature of the charge.[3] In this case, we find that the original information was sufficient to inform the defendant of the charge. Accordingly, we find no prejudice to defendant and no reversible error.

Defendant next argues that his convictions of both involuntary manslaughter and felony-firearm violate the double jeopardy clause of the United States and Michigan Constitutions.[4] This argument is without merit. See, *Wayne County Prosecutor v*

[2] MCL 767.76; MSA 28.1016, MCL 767.2; MSA 28.942.

[3] *People v Corbell,* 77 Mich App 691; 259 NW2d 193 (1977), *People v Bruci,* 35 Mich App 358; 192 NW2d 634 (1971), *lv den* 387 Mich 788 (1972).

[4] US Const, Am V, Mich Const 1963, art 1, § 15.

*Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Defendant's last argument is that the felony-firearm statute is void for vagueness. We do not agree. See, *People v Jackson,* 94 Mich App 24; 287 NW2d 357 (1979).

Affirmed.