PEOPLE v JOHNSON

Docket No. 50068. Submitted June 4, 1981, at Grand Rapids.—Decided September 15, 1981.

Michael Johnson was charged in Detroit Recorder's Court with felony murder, armed robbery and violation of the felony-firearm statute. During the trial, the prosecutor made an oral motion to add a count of receiving and concealing stolen property with a value over $100 to the information. The motion was granted, Dalton A. Roberson, J. The jury acquitted defendant of the felony-murder, armed robbery and felony-firearm charges, but found him guilty of receiving and concealing stolen property. Defendant appeals. *Held:*

The trial court did not err in amending the information to include a count of receiving and concealing stolen property. The motion was made after defendant had testified that he had helped to pawn a watch stolen from the murder victim. The defendant's testimony was arguably a confession to the crime of receiving and concealing stolen property and it was up to the jury to determine whether or not the defendant's testimony and the circumstances surrounding the receipt of the watch were sufficient to infer that the defendant knew, at the time he received the watch, that the property was stolen.

Affirmed.

1. CRIMINAL LAW — AMENDMENT OF INFORMATION — APPEAL.

The Court of Appeals will not reverse a trial court's decision to amend an information unless it finds that the amendment prejudiced defendant's defense or that a failure of justice resulted.

2. CRIMINAL LAW — RECEIVING AND CONCEALING STOLEN PROPERTY — AMENDMENT OF INFORMATION.

The person who actually steals something may not be convicted

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations § 200.
    Power of court to make or permit amendment of indictment with respect to allegations as to nature of activity, happening, or circumstances. 17 ALR3d 1285.
[2] 41 Am Jur 2d, Indictments and Informations §§ 181, 200. 66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 14-18.

under the receiving and concealing stolen property statute for possession of the stolen property; however, where a defendant charged with receiving and concealing stolen property takes the witness stand and reveals in midtrial that he was the actual thief, and that revelation comes as a surprise, the prosecutor may ask the court's permission to amend the information to include the appropriate count.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Angela R. Sims,* for defendant on appeal.

Before: R. B. Burns, P.J., and Allen and T. Gillespie,* JJ.

Per Curiam. The defendant was originally charged with felony murder, MCL 750.316; MSA 28.548, armed robbery, MCL 750.529; MSA 28.797, and violation of the felony-firearm statute, MCL 750.227b; MSA 28.424(2). Following an oral motion by the prosecution, made during the course of the trial, the trial court added to the information a count of receiving and concealing stolen property with a value over $100. MCL 750.535; MSA 28.803. The jury acquitted the defendant of the felony-murder, armed robbery, and felony-firearm charges, but returned a verdict of guilty on the added count of receiving and concealing stolen property. Defendant appeals, raising three claims of error.

The defendant first claims that the trial court erred in amending the information to include a count of receiving and concealing stolen property.

* Circuit judge, sitting on the Court of Appeals by assignment.

At trial, the defendant took the stand in his own defense. The prosecution's main witness had testified that the defendant killed and robbed the victim of his watch. Defendant related that his only involvement in the incident was attempting to pawn a watch, which turned out to be the victim's, the morning after the shooting. He testified that the prosecution's main witness had requested his help to sell a watch which the witness had acquired the previous night. He further testified that he and the witness went around to various "fences" in an effort to sell the watch. Finally, they ended up pawning the watch.

After the defendant's version of the incident was revealed, the prosecutor moved to add to the information a count of receiving and concealing stolen property arguing that the defendant had admitted the crime in an effort to defeat the murder charge. Defense counsel objected, arguing that the defendant had not admitted that he knew the watch was stolen but, rather, that the defendant had testified that he did not know the origin of the watch. The trial court allowed the amendment to the information.

MCL 767.76; MSA 28.1016 allows for amendments of informations.[1] This Court in *People v Erskin,* 92 Mich App 630, 637-638; 285 NW2d 396 (1979), interpreted the statute:

"[T]he * * * statute does not authorize the court to allow the changing of the offense or the addition of a new charge by way of amendment; rather, it only permits the procedural cure of defects in the statement of the offense which is already sufficiently charged to fairly apprise the defendant and court of its nature."

[1] Although MCL 767.76; MSA 28.1016 specifically refers to amending indictments, MCL 767.2; MSA 28.942 provides that all provisions of the law applying to indictments apply to informations.

This Court will not reverse a decision to amend an information unless it finds that the amendment prejudiced defendant's defense or that a failure of justice resulted. *People v Mahone,* 97 Mich App 192; 293 NW2d 618 (1980). However, these rules must be read in conjunction with *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978). In *Kyllonen,* 149, fn 15, the Supreme Court stated that the actual thief may not be convicted under the receiving and concealing stolen property statute. However, where a defendant charged with receiving and concealing stolen property takes the stand and reveals in midtrial that he was the thief, and the revelation comes as a surprise, the prosecution may ask the court's permission to amend the information to include the appropriate count.

The rationale of the *Kyllonen* case is applicable here. The defendant took the stand and related that his only involvement in the incident was attempting to pawn the victim's watch. The defendant's own testimony was arguably a confession to the crime of receiving and concealing stolen property. It was up to the jury to determine whether or not the defendant's testimony and the circumstances surrounding the receipt of the watch were sufficient to infer that the defendant knew, at the time he received the property, that the property was stolen. Under these circumstances, the trial court did not err by allowing the amendment of the information.

Defendant's remaining two claims of error are meritless.

Affirmed.