PEOPLE v WHITE

Docket No. 81372. Submitted April 3, 1985, at Detroit.—Decided May 21, 1985.

Donald L. White was convicted on his plea of guilty of breaking and entering with intent to commit larceny, felony-firearm, and of being a fourth-felony habitual offender, Oakland Circuit Court, James S. Thorburn, J. Defendant appealed, alleging that the felony-firearm charge was improper because he did not possess the firearms involved when he embarked upon the breaking and entering but, rather, the breaking and entering was committed for the purpose of stealing the firearms. *Held:*

1. It makes no difference that the firearms were obtained after the defendant embarked upon the criminal episode rather than before. The felony-firearm statute applies to this case.

2. Conviction of both felony-firearm and the underlying felony involving a firearm is not a violation of defendant's protection against double jeopardy.

Affirmed.

1. CRIMINAL LAW — FELONY-FIREARM — POSSESSION OF FIREARM.

A defendant may be convicted of felony-firearm where he obtains possession of a firearm during the course of committing a felony; it makes no difference that he embarked upon the criminal episode without a firearm in his possession (MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — FELONY-FIREARM — DOUBLE JEOPARDY.

Conviction of both felony-firearm and an underlying felony involving a firearm does not violate a defendant's protection against double jeopardy.

REFERENCES FOR POINTS IN HEADNOTES

[1] 79 Am Jur 2d, Weapons and Firearms § 7 *et seq.*

Who is entitled to permit to carry concealed weapons. 57 ALR3d 504.

[2] 21A Am Jur 2d, Criminal Law § 243 *et seq.*

Prosecution for robbery of one person as bar to subsequent prosecution for robbery committed of another person at the same time. 57 ALR3d 693.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,.* Assistant Prosecuting Attorney, for the people.

*Clarence M. Burton,* for defendant.

Before: Bronson, P.J., and J. H. Gillis and Allen, JJ.

Per Curiam. Defendant pled guilty to breaking and entering a K-Mart with the intent to commit a larceny, MCL 750.110; MSA 28.305, possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and to being a habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant appeals as of right from the circuit court's denial of his motion to quash the felony-firearm count.

Defendant argues that he was improperly charged under the felony-firearm statute since he obtained possession of the firearms in question only after breaking into the K-Mart, and the object of the larceny was the firearms themselves. The fact that defendant did not obtain possession of the shotguns until after the felony had begun, as opposed to gaining possession prior to the commission of the felony, is a distinction without a difference. In *People v Mahone,* 97 Mich App 192; 293 NW2d 618 (1980), the defendant was chasing his victim with a rake when the victim pulled a gun. Defendant then wrestled the gun from the victim and shot him. This Court held that the defendant was properly found guilty of felony-firearm despite the fact that he did not embark upon the criminal episode possessed of a gun. *Mahone,* p 194.

The case before us differs only in that the underlying felony was committed for the purpose of obtaining the weapons. We do not perceive any compelling reasons for finding the felony-firearm statute inapplicable on this basis. The following observation from *People v Elowe,* 85 Mich App 744; 272 NW2d 596 (1978), is equally applicable here:

"By punishing the 'possession', as opposed to 'use', of a firearm during the commission of a felony, the Legislature was attempting to reduce the possibility of injury to victims, passersby and police officers. Had defendant's criminal enterprise gone awry, he may well have been tempted to use his firearm to effect an escape. The mere fact that a felon has a firearm at his disposal, should he need it, creates a sufficient enough risk to others that it is within the state's power to punish its possession." 85 Mich App 748-749. (Footnote omitted.)

In the instant case, the fact that defendant committed the breaking and entering for the purpose of stealing two shotguns did not lessen the danger to third persons that the guns might be used to effectuate an escape. We believe the Legislature's purpose in enacting the felony-firearm statute would be furthered through its application to the facts before us. Defendant was therefore properly charged under the statute.

Defendant also argues that a conviction for both felony-firearm and an underlying felony involving a firearm violates the double jeopardy clause. This argument has been considered and rejected by the Michigan Supreme Court in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 391; 280 NW2d 793 (1979), *app dis* 444 US 948; 100 S Ct 418; 62 L Ed 2d 317 (1979).

Affirmed.