PEOPLE v CORLZER

Docket No. 76725. Submitted February 11, 1985, at Detroit.—Decided
June 27, 1985.

Defendant, Gabriel Corlzer, was charged with felonious assault
when a police officer was fired upon by a passenger in an
automobile which the police had stopped after a chase. During
trial, defendant asserted that he was the driver of the automo-
bile and did not do the shooting. At the close of proofs the
prosecutor sought to amend the information to include a count
of fleeing and eluding a police officer. The Recorder's Court of
Detroit, John Patrick O'Brien, J., granted the prosecutor's
request, found defendant not guilty of felonious assault, and
convicted defendant of fleeing and eluding a police officer.
Defendant appealed. *Held:*

An information may be amended where a defendant reveals
at trial a crime other than that charged, but only where the
defendant's revelation results in actual surprise to the prosecu-
tion. In this case the prosecutor knew before charging defen-
dant with felonious assault that the defendant may have been
the driver of the automobile, not the passenger. The prosecu-
tion was not surprised by defendant's assertion that he was the
driver. Therefore, the trial court erred in allowing amendment
of the information after the proofs.

Reversed.

CRIMINAL LAW — INFORMATIONS — AMENDMENT OF INFORMATION.

An information may be amended to include a charge not previ-
ously brought where the defendant, during trial, reveals the
commission of a crime; however, such an amendment is permit-
ted only where the defendant's revelation at trial results in
actual surprise to the prosecution.

*Gregory D. Bill* and *Thomas A. Ricca,* for defen-
dant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Indictments and Informations §§ 171 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Indict-
ment or Information.

Before: J. H. GILLIS, P.J., and HOOD and R. M. DANIELS,* JJ.

PER CURIAM. Following a bench trial conducted on June 29-30, 1983, defendant was convicted of fleeing and eluding a police officer, MCL 750.479a; MSA 28.747(1). On July 11, 1983, defendant was sentenced to imprisonment for one year, to be served consecutively to a sentence he was already serving at the time of trial. He appeals as of right, claiming that the trial court committed error by granting the prosecution's request to amend the information to add the present charge. We agree and reverse defendant's conviction.

The prosecution's case against defendant turned on whether defendant assaulted a police officer with a dangerous weapon, namely a pistol, on the evening of January 20, 1983. The evidence introduced by the prosecutor was that two police officers were pursuing an automobile when, after this automobile stopped, the passenger thereof exited from the vehicle and fired a pistol at one of the officers. Defendant was the only person apprehended following the incident. The other individual made his escape into the night.

At trial, defense counsel indicated during her opening statement that her client did not do the shooting but, rather, he was the driver of the pursued automobile. Thereafter, during trial, defendant took the witness stand in his own defense and testified that indeed he was the driver, rather than the passenger, of the automobile and, therefore, he could not have been the person who committed the felonious assault.

At the close of all the proofs, the prosecutor sought to amend the information to add a count of fleeing and eluding a police officer, which is not a

* Circuit judge, sitting on the Court of Appeals by assignment.

cognate or lesser included offense to the original charge. The trial court granted the prosecutor's request, found defendant not guilty of felonious assault, and convicted defendant of committing the offense of fleeing and eluding a police officer.

Although this Court has held that an information can be amended when a criminal defendant reveals a crime during trial, see *e.g., People v Johnson,* 110 Mich App 735, 738; 313 NW2d 93 (1981), we are unwilling to permit such amendments unless the defendant's revelation at trial results in actual surprise to the prosecution. See and compare *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978).

In this case, the record reflects no surprise to the prosecution. The prosecutor knew before charging defendant with felonious assault that defendant may have been the driver of the automobile. Likewise, during defense counsel's opening statement, it was indicated that defendant was not guilty of the assault offense because defendant was the driver of the automobile, not the passenger.

Not until after defendant took the witness stand in his own defense to testify that he was indeed the driver, rather than the passenger, did the prosecution seek this amendment to the information. We review the prosecutor's tactic not as being in response to defendant's "surprise revelation" but, rather, as the prosecutor's possible assessment of a weak case. Accordingly, we conclude that the amendment was improperly allowed.

Defendant's second claim of error is without merit.

Reversed. We do not retain jurisdiction.