PEOPLE v MITCHELL

Docket No. 82140. Decided December 20, 1988. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed in part the judgment of the Court of Appeals and remanded the case to the trial court.

Donald Mitchell pled guilty in the Detroit Recorder's Court, Joseph A. Gillis, J., of breaking and entering an occupied dwelling with intent to commit larceny and of possession of a firearm during the commission of a felony. The Court of Appeals, MAHER, P.J., and WAHLS and SULLIVAN, JJ., affirmed in an unpublished opinion per curiam, holding that the defendant's plea of guilty of the felony-firearm charge waived the right to contest whether there was a factual basis for the charge and that, in any event, the factual basis was adequate (Docket No. 95207). The defendant seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

The defendant should not have been precluded from challenging the adequacy of the factual basis of his felony-firearm conviction. The factual basis stated by the defendant at the plea proceeding did not provide grounds for concluding that the defendant possessed a firearm during the commission of the breaking and entering. In order to waive the right to contest the factual basis of a guilty plea, there must be a valid plea, taken in accordance with appropriate procedures such as those of MCR 6.101(F), including the establishment of a factual basis.

Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief, Criminal Division, Research, Training and Appeals, and *Susan Randolph,* Assistant Prosecuting Attorney, for the people.

*George Stone* for the defendant.

PER CURIAM. The defendant pled guilty of breaking and entering an occupied dwelling with intent

to commit larceny[1] and possession of a firearm during the commission of a felony.[2] On appeal, he challenged the felony-firearm conviction on the ground that the factual basis at the plea proceeding was inadequate. However, the Court of Appeals affirmed the decision of the trial court, holding that the plea waived the right to contest whether there was a factual basis for the charge and that, in any event, the factual basis was adequate. We disagree with both conclusions, and reverse the decision of the Court of Appeals.

I

The information charged defendant with breaking and entering an occupied dwelling with intent to commit larceny and with possession of a firearm during the commission of a felony.[3] The only record of the facts regarding the offenses is the transcript of the defendant's guilty-plea proceeding.[4] For the purpose of this appeal, the critical statement came in the first exchange between the court and defendant about the factual basis:

> *The Court:* All right, tell the Court what happened on March the 9th of 1986, at 13303 Pembroke, involving you and this house and the gun.
> *The Defendant:* I was walking down Pembroke and I walked in to see if anybody—normally in the winter-time people don't just leave their door open, the door was wide open and I walked in to see if somebody was hurt or something, okay, and I didn't see nobody [sic] in the house. *The gun was laying [sic] on the table and I picked the gun up—*
> *The Court:* Was the door wide open, you didn't even have to open it?

---

[1] MCL 750.110; MSA 28.305.

[2] MCL 750.227b; MSA 28.424(2).

[3] The breaking and entering was listed as the underlying felony.

[4] Defendant waived examination.

*The Defendant:* Yes, Sir.
*The Court:* You got through without touching a thing?
*The Defendant:* Yes, Sir.
*The Court:* Well there's no breaking and entering. [Emphasis added.]

After further discussions between the defendant and the court, defendant admitted that he had forced the door open. There was no further mention of the gun.

The plea was accepted, and the trial court ultimately sentenced the defendant pursuant to the sentence bargain to three to fifteen years in prison for the breaking and entering, consecutive to the mandatory two-year term for felony-firearm.

Defendant moved to withdraw his plea, raising the factual-basis issue, but the trial court denied the motion.

II

On appeal, the defendant claimed that the factual basis was inadequate because it showed that defendant did not obtain the firearm until after completion of the breaking and entering. Thus, he did not have possession of the firearm "during the commission of" the breaking and entering. In an unpublished opinion per curiam, the Court of Appeals rejected this reasoning on two grounds. First, it found the issue to have been waived by the guilty plea:

By pleading guilty, defendant has waived the right to contest the factual basis of the charge. *People v New,* 427 Mich 482, 491; 398 NW2d 358 (1986).

Second, the Court said that even if there was no waiver, the factual basis was adequate:

The fact that defendant did not possess the firearm until he was inside the dwelling does not negate the crime. See *People v White,* 143 Mich App 229, 230-231; 371 NW2d 919 (1985); *People v Mahone,* 97 Mich App 192, 194; 293 NW2d 618 (1980).

The defendant seeks leave to appeal in this Court.

### III

The Court of Appeals relied on *People v New, supra,* for its waiver analysis. *New* involved two cases. In one, the defendant pled guilty and then sought to raise on appeal the claim that the trial court erred in denying his motion to suppress incriminating statements he had made. In the other case, the defendant pled nolo contendere and then sought to raise in the Court of Appeals an issue regarding an alleged illegal seizure of evidence from his hotel room.

We held that the pleas waived the right to raise those issues on appeal:

> Today, we hold that a defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the factual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial . . . ." [*People v*] *White,* 411 Mich [366] 398 [308 NW2d 128 (1981)] (MOODY, J., concurring in part and dissenting in part). In such cases, the state has no legitimate interest in securing a conviction. On the other hand, *where the defense or right asserted by defendant relates solely to the capacity of the state to prove defen-*

*dant's factual guilt, it is subsumed by defendant's guilty plea.* [427 Mich 491. Emphasis added.][5]

We think the Court of Appeals has misinterpreted *People v New.* Implicit in that decision is the understanding that in order to waive such issues there must be a valid plea taken in accordance with appropriate procedures such as those in MCR 6.101(F), including the establishment of a factual basis for the plea.[6]

Where the statements by a defendant at the plea procedure do not establish grounds for a finding that the defendant committed the crime charged, the factual basis for the plea-based conviction is lacking.

Thus, we conclude that defendant is not precluded from challenging the compliance with MCR 6.101(F)(3)(a). To hold otherwise would amount to a complete abrogation of the factual-basis requirement—the same analysis as used by the Court of Appeals in this case would apply to any case in which the factual basis was not established.

---

[5] In addition, *New* continued to recognize the "conditional" plea procedure under which the right to raise such issues can be preserved despite a guilty plea. See *People v Reid,* 420 Mich 326; 362 NW2d 655 (1984).

[6] MCR 6.101(F)(3):

> (3) An Accurate Plea.
> (a) If the defendant pleads guilty, the court, by questioning him or her, shall establish support for a finding that he or she is guilty of the offense charged or the offense to which he or she is pleading.
> (b) If the defendant pleads nolo contendere, the court shall not question him or her about his or her participation in the crime. The court shall:
> (i) state why a plea of nolo contendere is appropriate; and
> (ii) conduct a hearing, unless there has been one, that establishes support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading.

IV

The alternative basis for the Court of Appeals decision was its conclusion that the defendant's admissions at the plea proceeding provided an adequate basis for finding that he had committed the felony-firearm offense. The Court relied on two cases.

In *People v Mahone, supra,* the defendant chased the victim while armed only with a rake. The victim drew a gun, and the defendant wrestled it away. The defendant then fatally shot the victim. The Court held that these facts established the felony-firearm offense.

*People v White, supra,* 143 Mich App 229, presented facts very similar to those in the instant case. The defendant pled guilty of breaking and entering a store and stealing firearms. The Court found the theft of the guns adequate to establish a factual basis for possession of a firearm during the commission of the breaking and entering.

Obviously, *People v Mahone* is distinguishable from the instant situation since at the time the defendant committed the homicide he had possession of a firearm and used it to kill the victim. *People v White,* on the other hand, is indistinguishable. However, we disagree with the reasoning of the Court of Appeals in *White* and in the instant case. We do not view a conviction on these facts as consonant with the legislative purpose underlying the felony-firearm statute.

Accordingly, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals because the guilty plea did not waive the right to contest the factual basis and because the factual basis stated at the plea proceeding did not provide grounds for concluding that defendant possessed a firearm in

the commission of the breaking and entering. The case is remanded to the Recorder's Court of the City of Detroit. On remand the prosecutor shall be given an opportunity to establish that the defendant was in possession of a firearm during the commission of the breaking and entering.[7] If the prosecutor is able to do so and there is no contrary evidence both convictions shall stand. If the prosecutor is unable to establish that the offense was committed, the trial court shall set aside both convictions. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty pleas, and the court shall decide the matter in the exercise of its discretion. MCR 6.101(F)(6). If the motion is granted, the court shall set aside both convictions. In all other respects, leave to appeal is denied. We do not retain jurisdiction.

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred.

---

[7] See *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975).