# Order

Michigan Supreme Court
Lansing, Michigan

July 15, 2011

143091 & (106)

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellant,

v

RONALD LEE JEX,
     Defendant-Appellee.
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 143091
COA: 295825
Calhoun CC: 2004-003072-FH

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the April 28, 2011 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment holding that the defendant asserted a claim of jurisdictional defect for which he need not demonstrate cause or prejudice. Where the defendant pleaded no contest to home invasion, and agreed as part of the factual basis for his plea that he entered the dwelling without permission, his current claim that he was a co-lessee of the premises and that he did not need permission to enter the dwelling does not establish a potential jurisdictional defect. The defendant's newly asserted defense could only negate one element of the crime; it would not implicate the very authority of the state to charge him or bring him to trial. *People v New*, 427 Mich 482, 491 (1986). Although the Court of Appeals correctly held that a defendant's claim that his plea was not supported by an adequate factual basis is not waived by a no contest plea, *People v Mitchell*, 431 Mich 744, 749-750 (1988), in this instance the defendant provided an adequate factual basis for his plea at the time he pleaded no contest. He therefore has the burden to establish both good cause for his failure to raise his grounds for relief on appeal, and actual prejudice. MCR 6.508(D)(3)(a), (b). We REMAND this case to the Court of Appeals for it to determine whether the defendant has satisfied that burden.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 15, 2011

_____
Clerk

d0712