# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 16, 2017

Plaintiff-Appellee,

v

No. 331849
Grand Traverse Circuit Court

BRANDON LAURENCE MILLER,

LC Nos. 2015-012097-FH;
2015-012098-FH

Defendant-Appellant.

Before: SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

In case no. 2015-012097-FH, defendant pleaded guilty to second-degree home invasion, MCL 750.110a(3), and in case no. 2015-012098-FH, he pleaded guilty to breaking and entering a building with intent to commit larceny, MCL 750.110, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 60 to 180 months' imprisonment for the second-degree home invasion, to 23 to 120 months' imprisonment for the breaking and entering, and to a consecutive two-year term for the felony-firearm. Defendant appeals by leave granted. See *People v Miller*, unpublished order of the Court of Appeals, entered July 20, 2016 (Docket No. 331849). We affirm defendant's conviction and sentence in case no. 2015-012097-FH, but remand for further proceedings in case no. 2015-012098-FH.

The home invasion charge in case no. 2015-012097-FH was based on defendant's breaking and entering of a home on August 4, 2014, and his theft of marijuana and money while inside. The breaking and entering and felony-firearm charges in case no. 2015-012098-FH were based on defendant's breaking and entering of a gun shooting range on August 8, 2014, and his theft of firearms that he found inside. According to the information, the breaking and entering was charged as the predicate offense for the felony-firearm charge.

At the plea-taking, defendant agreed with the court that he had broken into and entered a gun shooting range. He explained that he and his codefendant broke a window in the building to gain entry, and once inside they then took guns that were on racks on the wall and left. Defendant agreed that he did not have permission to enter the building or take the guns.

Defendant moved to withdraw his guilty pleas claiming that the factual basis for the felony-firearm charge was inadequate. Defendant argued that, pursuant to *People v Mitchell*, 431 Mich 744; 432 NW2d 715 (1988), breaking and entering could not serve as a factual

-1-

predicate for the felony-firearm charge where defendant was not armed when he committed the breaking and entering and only secured a firearm after the breaking and entering was completed. The trial court denied defendant's motion.

This Court reviews a trial court's ruling on a motion to withdraw a guilty plea for an abuse of discretion. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). An abuse of discretion occurs when a trial court chooses an outcome outside the range of reasonable and principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). An abuse necessarily occurs when a trial court makes a legal error. *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012). To determine whether a factual basis is sufficient, "this Court considers whether the fact-finder could have found the defendant guilty on the basis of the facts elicited from the defendant at the plea proceeding." *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011), citing *People v Adkins*, 272 Mich App 37, 38; 724 NW2d 710 (2006).

In *Mitchell*, the defendant pleaded guilty to breaking and entering an occupied dwelling with intent to commit larceny and felony-firearm. On appeal, he claimed that the factual basis to support his plea was inadequate because his statements at the plea-taking showed only that he picked up a gun on a table inside the home *after* he broke and entered and, therefore, the breaking and entering was complete *before* he possessed any firearm. *Mitchell*, 431 Mich at 746. The Supreme Court agreed with defendant, but with sparse reasoning.

In *People v Shipley*, 256 Mich App 367; 662 NW2d 856 (2003), the Court endeavored to explain the basis for *Mitchell*. In *Shipley*, the defendant came to possess a firearm during a home invasion. This Court explained:

> Th[e felony-firearm] statute requires that a person carry or have in his possession a firearm when the person is committing or attempting to commit the underlying felony in order to commit felony-firearm based on the predicate felony.
>
> The breaking-and-entering statute, which was the predicate felony in *Mitchell*, provided, in pertinent part, "Any person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony . . . ." MCL 750.110. Breaking and entering is not a continuing offense, but rather is completed once the offender has entered the building. *People v Squires*, 240 Mich App 454, 460; 613 NW2d 361 (2000). Therefore, the theft of the firearm in *Mitchell* could not support the defendant's felony-firearm conviction, with the breaking and entering as the predicate felony, because the breaking and entering offense was completed with entry into the building. Thus, the ensuing firearm possession was not *during the commission or attempted commission of* breaking and entering.
>
> In contrast, . . . the plain language of [the first-degree home invasion statute, MCL 750.110a(2)(a),] indicates [that] first-degree home invasion is not necessarily completed at the time of entry into a dwelling, but rather can be completed by commission of the final element of the crime while the person is present in (or leaving) the dwelling. Thus, unlike in *Mitchell*, the theft of a firearm following a break-in at a residence can occur *during the commission of*

-2-

first-degree home invasion. As a result, first-degree home invasion, where there is a larceny of a firearm during a residential breaking and entering, can be the predicate felony for a felony-firearm conviction. [*Shipley*, 256 Mich App at 376-377.]

Here, both the information filed in case no. 2015-012098-FH and defendant's admissions at the plea-taking indicate that the predicate felony for the felony-firearm charge was the breaking and entering charge. Defendant's admissions indicate that he came into the possession of the firearms *after* he broke and entered the building. Accordingly, pursuant to *Mitchell* and *Shipley*, defendant could not have been convicted of breaking and entering by a trier of fact based upon the facts he admitted at the plea-taking. The trial court thus made a legal error when it denied defendant's motion to withdraw his guilty pleas and therefore abused its discretion.

The prosecutor argues that a defendant does not have to be convicted of the predicate felony in order for the felony-firearm conviction to be upheld, citing *People v Lewis*, 415 Mich 443, 453-454; 330 NW2d 16 (1982), and *People v Davis*, 196 Mich App 597; 493 NW2d 467 (1992), overruled in part on other grounds by *People v Miles*, 454 Mich 90, 95; 559 NW2d 299 (1997). But these cases dealt with inconsistent jury verdicts, not the factual predicate for a guilty plea. In *Lewis*, a jury returned a verdict acquitting the defendant of the predicate felony (second-degree murder), but convicting him of felony-firearm. The Supreme Court observed that "a jury's acquittal on one charge in a multi-count indictment signals no more than the jurors' agreement not to convict on that charge for whatever reason satisfactory to them." *Lewis*, 415 Mich at 450 (footnote omitted). It explained that the verdict was either lenient, in which case the defendant was not prejudiced, or a compromise verdict, stating:

If it compromised, there is the risk that some of the jurors who agreed to the compromise did not believe beyond a reasonable doubt that the defendant committed a felony, but nonetheless agreed to convict the defendant of felony-firearm (although commission of a felony is an element) in exchange for the agreement of other jurors to acquit the defendant of the underlying felony. If that is what occurred, then the jury was unable to reach a unanimous verdict on both charges. The remedy, where a jury is unable to agree on a unanimous verdict, is not dismissal of the charges, but the declaration of a mistrial, and the defendant can be required to stand trial again on the charges in respect to which the jurors are unable to agree.

The defendants do not, however, seek new trials, but instead seek dismissal of the felony-firearm convictions. The defendants argue that a verdict of not guilty on the felony charge represents a finding by the jury that the defendant did not commit the felony, and since he did not commit the felony he cannot be guilty of felony-firearm. But that is to look at the matter from only one side. The conviction of felony-firearm may be read as an implicit finding that the defendant did commit the felony.

Because we see no reason to regard differently for this purpose the express finding of not guilty of the underlying felony and the implicit finding of guilty of

-3-

the underlying felony, the defendants are not entitled to have their convictions of felony-firearm set aside on the premise that the acquittals of the felony charges were findings that they did not commit the underlying felonies inexorably requiring that the felony-firearm convictions be set aside.

> The jury, to repeat, either was lenient or compromised. If the former, the defendant has no cause for complaint. But if the jury compromised, the finding that the defendant did not commit the underlying felony was part and parcel of that jury compromise which, in convicting the defendant of felony-firearm, implicitly found that the defendant did commit the underlying felony. A compromise is indivisible. We cannot properly enforce only part of it. [*Lewis*, 415 Mich at 450-453; footnote omitted.]

The prosecutor focuses on the general language that a conviction for felony-firearm can be sustained in the absence of a conviction for the predicate offense, but ignores that this was a review of a jury's verdict, not a guilty plea. As the *Lewis* Court further explained:

> It is contended that the language of the felony-firearm statute requires that sentencing for conviction of a felony is a prerequisite for imposition of the sentence for felony-firearm with the consequence that where, as here, the people have not secured a conviction for a felony no sentence can be imposed for felony-firearm.

> Although the Legislature no doubt contemplated that a person convicted of felony-firearm would also have been convicted of an underlying felony, it made commission or the attempt to commit a felony and not conviction of a felony an element of felony-firearm. . . .

> Having in mind the legislative purpose to provide separate punishment for carrying a firearm in the commission of or attempt to commit a felony, we are satisfied that it is both within the letter of the statute and the spirit of the legislative purpose to construe the statute as providing for the imposition of sentence *in a case where the jury convicts of felony-firearm but acquits of the underlying felony*. It would not be consistent with the legislative purpose in enacting the felony-firearm statute to conclude that it intended that a felony-firearm conviction be set aside and no punishment at all be imposed *in a case where the jury, extending leniency or compromising, failed to convict of the underlying felony, but did convict of felony-firearm*. [*Lewis*, 415 Mich at 453-454; footnotes omitted and emphasis supplied.]

The *Lewis* Court's discussion makes it clear that the holding only applied to cases involving *jury verdicts*. It is only in such cases that a compromise verdict may be sustained. Our system tolerates jury compromise, but does not extend the same tolerance to bench verdicts, guilty pleas, or appellate court decisions. See *People v Burgess*, 419 Mich 305, 310-311; 353 NW2d 444 (1984). The Supreme Court's subsequent decision in *Mitchell* demonstrates that the *Lewis* holding does not apply to guilty pleas. Moreover, the *Lewis* decision does not provide a

factual equivalent to this case. In *Lewis*, the defendant was not convicted of the predicate offense; here, defendant admitted his guilt, and thus was convicted of the predicate offense; it is simply the case that the predicate offense does not factually provide a basis for conviction of felony-firearm.

In *Davis*, this Court addressed whether a trial court could consider the mandatory consecutive nature of the felony-firearm sentence in determining a proportionate sentence. In passing, this Court remarked that "[a] felony-firearm conviction may not be had unless the defendant committed or attempted to commit a felony, although it is not necessary that the defendant be convicted of the underlying felony." *Davis*, 196 Mich App at 601. However, this was not the issue before the Court and therefore this statement was obiter dicta.[1] Moreover, the case cited for this proposition, *Burgess*, does not support the prosecutor's argument. In *Burgess*, the defendant was convicted of three felonies including felony-firearm. This Court reversed his conviction for felonious assault (the predicate offense for the felony-firearm conviction), but concluded that, based on *Lewis*, it could still affirm the felony-firearm conviction. *Burgess*, 419 Mich at 307-308. Our Supreme Court reversed and explained:

> The juries in *Lewis* reached inconsistent verdicts through compromise or leniency. We observed in *People v Vaughn*, 409 Mich 463, 466; 295 NW2d 354 (1980), that juries "are not held to any rules of logic" and possess the "capacity for leniency". We added, however, that "[t]hese considerations change when a case is tried by a judge sitting without a jury". An appellate court likewise does not normally enjoy the freedom to be inconsistent or to compromise.
>
> * * *
>
> *Our explanation in Lewis that no conviction of the underlying felony need be had does not alter the requirement that the underlying felony must have been committed.* As explained above, *Lewis* does not grant an appellate court the option of reaching an inconsistent result. . . .
>
> * * *
>
> The jury in this case was improperly instructed on the underlying felony of assault with a dangerous weapon. The assault conviction has therefore been reversed. *More importantly, the jury's factual finding that the assault was committed may no longer be relied upon. Absent such a finding, the felony-firearm conviction must also be reversed.* [*Burgess*, 419 Mich at 310-312 (emphasis added).]

---

[1] *People v Lown*, 488 Mich 242, 267 n 46; 794 NW2d 9 (2011) ("Obiter dicta, or 'dicta,' are not binding precedent. Rather, they are statements that are not essential to determination of the case at hand and, therefore, 'lack the force of an adjudication.'" *Wold Architects & Engineers v Strat*, 474 Mich 223, 232 n 3; 713 NW2d 750 (2006) (citations and quotation marks omitted.").

The prosecutor tries to avoid this conclusion by suggesting that defendant might have been guilty of committing another felony while he was engaged in stealing the firearms.[2] The prosecutor suggests that defendant could have been convicted of violating MCL 750.535b for transporting or receiving and concealing a stolen firearm.[3] While that assertion might be true in the abstract,[4] defendant never pleaded guilty to this offense – nor, more specifically, did the prosecutor charge this offense as the predicate felony for the felony-firearm charge. There was no basis upon which defendant could have been convicted of felony-firearm on the grounds that he was also conceivably guilty of another felony (for which he did not admit guilt) at the time he illegally possessed a firearm.[5]

The remaining issue is what relief should be afforded to defendant. He asserts that he must be allowed to withdraw his pleas in both cases. Defendant offers nothing – other than the citation to *Mitchell* – to support his argument that the conviction for second-degree home invasion must be set aside. " 'An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.' " *People v Henry*, 315 Mich App 130, 148; 889 NW2d 1 (2016), quoting *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Accordingly, we conclude that the second-degree home invasion conviction and sentence in case no. 2015-012097-FH should be affirmed.

With respect to the breaking and entering conviction and the felony-firearm conviction in case no. 2015-012098-FH, the *Mitchell* decision suggests a remand to the trial court to give the prosecutor an opportunity to supplement the evidence presented at the plea-taking, and that these

---

[2] The prosecutor cites for this proposition *Wayne Co Prosecutor v Recorder's Court Judge*, 406 Mich 374; 280 NW2d 793 (1979). The prosecutor fails to cite a page in the decision for this proposition and a cursory examination of the decision fails to disclose any citation to MCL 750.535b. The general holding of *Wayne Co Prosecutor* is simply that a defendant may be convicted of both the predicate felony and felony-firearm without violating the prohibition against double jeopardy because they are separate felony offenses.

[3] MCL 750.357b actually applies to a person who steals the firearm of another person. The statute that criminalizes transportation, receiving, possessing, concealing, selling, etc. of a stolen firearm is MCL 750.535b.

[4] Pursuant to *People v Hastings*, 422 Mich 267, 271-272; 373 NW2d 533 (1985), a thief may be convicted of transporting or of receiving, concealing, storing, or disposing of the firearm he has stolen.

[5] The prosecutor notes that defendant's convictions resulted from a plea bargain that "he readily entered," and that he "was fully aware of the potential penalties before he pled." These observations are irrelevant to whether defendant was aware that, by pleading guilty to breaking and entering and felony-firearm, he might be considered to be additionally pleading to an offense that had presumably been dismissed, but that nevertheless could serve as a "substitute predicate offense" in the event that the breaking and entering conviction proved unavailing.

convictions should only be set aside if the prosecutor is unable to present evidence showing that defendant was armed at the time he broke and entered the shooting range. *Mitchell*, 431 Mich at 750. If the prosecutor is able to present such evidence, defendant should be given the opportunity to present contrary evidence. If he fails to do so, his guilty plea should be affirmed. If he does present contrary evidence, the court should treat the matter as a motion to withdraw the guilty plea and exercise its discretion. *Id.*; MCR 6.310(C). If the prosecutor is unable to present supplemental evidence, defendant's pleas to breaking and entering and felony-firearm must be set aside.[6]

In case no. 2015-012098-FH, the factual basis supporting defendant's guilty plea for the felony-firearm charge was inadequate because defendant only admitted obtaining the firearms after he completed the breaking and entering of the shooting range. The case is remanded for further proceedings consistent with this opinion. The second-degree home invasion conviction in case no. 2015-012097-FH is affirmed.

Affirmed in case no. 2015-012097-FH, but case no. 2015-012098-FH is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Elizabeth L. Gleicher

---

[6] Although the *Mitchell* Court directed that both convictions be set aside, this remedy seems inappropriate. Defendant has challenged the adequacy of his guilty plea to felony-firearm, not the factual basis for his breaking and entering plea; the factual basis for that plea appears adequate. Defendant voluntarily asked to plead guilty to both offenses. Should the felony-firearm plea be set aside, defendant will receive the benefit of avoiding the mandatory two-year consecutive sentence. It seems counter-intuitive that he should also be allowed to receive the additional undeserved benefit of having his conviction and sentence for a separate offense – one that he does not challenge and for which he voluntarily admitted his guilt – set aside. Nevertheless, this Court is bound by the decision of our Supreme Court. *People v Mitchell*, 428 Mich 364, 369-370; 408 NW2d 798 (1987).