# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAMES FRANKLIN COOK,

Defendant-Appellant.

UNPUBLISHED
July 3, 2018

No. 339626
Charlevoix Circuit Court
LC No. 15-009212-FC

Before: CAMERON, P.J., and METER and BORRELLO, JJ.

PER CURIAM.

Defendant pleaded guilty to assault with intent to murder (AWIM), MCL 750.83, resisting and obstructing a police officer causing serious impairment, MCL 750.81d(3), five counts of felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to serve 285 months to 50 years' imprisonment for the AWIM conviction; 80 months to 15 years' imprisonment for the resisting and obstructing causing serious impairment conviction, to be served consecutively to the AWIM sentence; 24 months to 4 years' imprisonment for each felonious assault conviction; and 2 years' imprisonment for the felony-firearm conviction, to be served consecutively to the AWIM sentence. He appeals by delayed leave granted.[1] We affirm.

## I. BACKGROUND

In May 2015, defendant was arrested after shooting Corporal Fred Hasty of the Charlevoix County Sheriff's Office. Before he was apprehended, defendant also shot at other law enforcement officers at the scene. Defendant was charged with eight criminal offenses, and pursuant to a plea deal, the prosecutor dismissed two AWIM charges and added two felonious assault charges. Defendant pleaded guilty to the remaining charges, including the AWIM charge pertaining to Hasty. At the plea hearing, the trial court attempted to ascertain the factual basis for defendant's plea to that charge. Defendant initially indicated that he would invoke his right to remain silent, but his counsel interceded, and defendant admitted that he had a gun on the day

---

[1] *People v Cook*, unpublished order of the Court of Appeals, entered September 13, 2017 (Docket No. 339626).

-1-

of the shooting and if he shot the gun "in the direction" of Hasty. Defendant also confirmed that he knew that Hasty was struck by a bullet. Defendant then added, "That was not my intent but it did happen and it doesn't change my guilt." The trial court inquired whether there could be a sufficient factual basis for the plea even if a defendant denied that "he had the actual intent to murder." The prosecutor, relying on *In re Guilty Plea Cases*, 395 Mich 96; 235 NW2d 132 (1975), claimed there was a sufficient factual basis for the plea despite defendant's statement. Defense counsel did not address whether defendant's intent to kill could be inferred from his admissions. Ultimately, the trial court found that there was an adequate factual basis to accept defendant's plea.

Also at the plea hearing, defendant and his counsel agreed that the trial court would have discretion to impose a consecutive sentence for defendant's conviction of resisting and obstructing a police officer causing serious impairment. Defendant's plea established that the factual basis for this offense and the AWIM conviction was that he had shot Hasty. At the December 2016 sentencing hearing, the trial court exercised its discretion under MCL 750.81d(6) and ordered that defendant's sentence for resisting and obstructing would run consecutive to the sentence imposed for the AWIM conviction.

In June 2017, defendant filed a motion to withdraw or vacate his plea. Defendant argued that there was an inadequate factual basis to support his guilty plea to AWIM because he stated at the plea hearing that he did not intend to kill Hasty. Defendant also moved the trial court for resentencing, arguing in part that consecutive sentencing was not permitted under MCL 750.81d(6) in this case because both the resisting and obstructing conviction and the AWIM conviction stemmed from the same act, i.e., shooting Hasty. Defendant also argued that his counsel was ineffective for failing to raise those issues.

The prosecutor argued that there was a sufficient factual basis for defendant's plea, again relying on *Guilty Plea Cases*. The prosecutor explained that, pursuant to that opinion, defendant's intent to murder Hasty could be inferred from his admissions at the plea hearing, even though defendant denied having such intent. The prosecutor also argued that the trial court had authority to impose a consecutive sentence for the resisting and obstructing conviction because MCL 750.81d(6) does not require that there be "two separate acts."

At a July 2017 hearing, the trial court reaffirmed its previous determination that a jury could have inferred defendant's intent to kill from his admissions that he discharged his firearm in the direction of Hasty. The trial court also agreed with the prosecutor that there was no requirement under MCL 750.81d(6) that the multiple violations contemplated by that statute arise from separate acts. The trial court ruled that defendant was not denied effective assistance of counsel.

## II. GUILTY PLEA

On appeal, defendant first argues that there was an insufficient factual basis for his guilty plea. We disagree.

"When reviewing whether the factual basis for a plea was adequate, this Court considers whether the fact-finder could have found the defendant guilty on the basis of the facts elicited

-2-

from the defendant at the plea proceeding." *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011). We review a trial court's decision to accept a plea for an abuse of discretion. *People v Plumaj*, 284 Mich App 645, 648; 773 NW2d 763 (2009). We also review a trial court's ruling on a motion to withdraw a plea for an abuse of discretion. *People v Jones*, 190 Mich App 509, 512; 476 NW2d 646 (1991). "A trial court abuses its discretion when it chooses an outcome that falls outside the range of principled outcomes." *People v Musser*, 494 Mich 337, 348; 835 NW2d 319 (2013).

"If the defendant pleads guilty, the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." MCR 6.302(D)(1). "Where the statements by a defendant at the plea procedure do not establish grounds for a finding that the defendant committed the crime charged, the factual basis for the plea-based conviction is lacking." *People v Mitchell*, 431 Mich 744, 748; 432 NW2d 715 (1988). The elements of AWIM are "(1) an assault," done "(2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014) (quotations marks and citation omitted). A specific intent to kill is required for AWIM, and a lesser intent will not suffice. *People v Brown*, 267 Mich App 141, 148-149; 703 NW2d 230 (2005).

In *Guilty Plea Cases*, 395 Mich at 130, our Supreme Court explained that "[a] factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference." Accordingly, the Court ruled that a jury could properly infer an intent to kill when a defendant pleading guilty to second-degree murder "admitted she had shot another woman with a gun." *Id*.

As indicated, the trial court relied on *Guilty Plea Cases* in finding that a jury could infer from defendant's admissions that he intended to kill Hasty. Again, defendant admitted that he shot his gun in the direction of Hasty and that the officer was struck by the shot. It can be inferred from those admissions that defendant shot Hasty with a gun and that defendant intended to kill Hasty. *Id*. Defendant emphasizes that he denied having that intent, but his denial would not prevent a jury from drawing "an inculpatory inference" from the facts admitted at the plea hearing. *Id*.

Defendant suggests that the trial court's reliance on *Guilty Plea Cases* was misplaced because, had the case proceeded to trial, the jury would have had to find a specific intent to kill. Defendant has abandoned this argument by failing to develop it. See *People v Bosca*, 310 Mich App 1, 48; 871 NW2d 307 (2015). Nevertheless, although defendant correctly notes that AWIM requires a specific intent to kill, *Brown*, 267 Mich App at 148-149, we disagree with his contention that *Guilty Plea Cases* is inapposite. In the relevant case from *Guilty Plea Cases*, the charge was second-degree murder, which does not necessarily require the prosecutor to prove that the defendant intended to kill. *People v Werner*, 254 Mich App 528, 531; 659 NW2d 688 (2002). However, the Court in *Guilty Plea Cases* specifically said that "a jury could properly infer *intent to kill* from the fact that [the defendant] shot the victim with a gun." *Guilty Plea Cases*, 395 Mich at 130 (emphasis added). Therefore, *Guilty Plea Cases* is directly applicable to the present circumstances. In sum, although defendant denied that he intended to kill Hasty, his intent to do so can be inferred from his statements adduced at the plea hearing. Accordingly, the

trial court did not err in determining that there was an adequate factual basis for defendant's guilty plea.

## III. CONSECUTIVE SENTENCING

Next, defendant challenges the consecutive nature of his sentence for resisting and obstructing, arguing that consecutive sentencing is not permitted under MCL 750.81d(6) on the basis of two convictions that arise from the same act. We disagree.

This Court reviews de novo, as a matter of statutory interpretation, whether a consecutive sentence may be imposed.[2] *People v Parker*, 319 Mich App 410, 414; 901 NW2d 632 (2017). When interpreting statutory provisions, the overriding goal is to discern and give effect to the Legislature's intent. *People v Flick*, 487 Mich 1, 10; 790 NW2d 295 (2010). The first step is to examine the words of the statute, and "[i]f the statute is unambiguous on its face, the Legislature will be presumed to have intended the meaning expressed, and judicial construction is neither required nor permissible." *People v Likine*, 492 Mich 367, 387; 823 NW2d 50 (2012).

In Michigan, "concurrent sentencing is the norm. A consecutive sentence may be imposed only if specifically authorized by statute." *People v Brown*, 220 Mich App 680, 682; 560 NW2d 80 (1996) (citation omitted). Section 81d of the Michigan Penal Code (MPC), MCL 750.1 *et seq*., sets forth the crime of resisting and obstructing a police officer. MCL 750.81d(6) contains the consecutive sentencing provision: "A term of imprisonment imposed for a violation of this section may run consecutively to any term of imprisonment imposed for another violation arising from the same transaction."

It is undisputed that defendant's conviction for resisting and obstructing a police officer causing serious impairment and his conviction for AWIM arose from the same act, i.e., shooting Hasty. With that in mind, defendant contends that there was not "*another* violation arising from the same transaction" within the meaning of MCL 750.81d(6). In other words, defendant is arguing that a single act cannot constitute two separate "violation[s]" under MCL 750.81d(6). Defendant presents no authority in support of this position. To the contrary, the same activity can constitute more than one crime. *People v Mullins*, 322 Mich App 151, 161; 911 NW2d 201 (2017). Defendant's argument, focusing on the identical *actus reus* for the two crimes, is undeveloped and unpersuasive. It is not our duty to search for authority in support of defendant's position; nor are we required to develop or elaborate on his arguments. *Bosca*, 310 Mich App at 48.

---

[2] Defendant does not argue that the trial court abused its discretion in imposing a consecutive sentence under MCL 750.81d(6), see *People v Norfleet*, 317 Mich App 649, 664; 897 NW2d 195 (2016); rather, he argues, as a matter of statutory construction, that MCL 750.81d(6) does not apply under the circumstances of this case.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that he was denied effective assistance of counsel because his trial counsel did not object to the alleged errors discussed above. We disagree.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review a trial court's factual findings for clear error, and we review de novo the ultimate constitutional issue posed by a claim of ineffective assistance of counsel. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process." *Lafler v Cooper*, 566 US 156, 162; 132 S Ct 1376; 182 L Ed 2d 398 (2012). "To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense." *People v Riley (After Remand)*, 468 Mich 135, 140; 659 NW2d 611 (2003).

Because defendant has failed to establish that the trial court erred in finding a factual basis for his guilty plea or in imposing a consecutive sentence under MCL 750.81d(6), he necessarily fails to carry his burden of demonstrating that his counsel was ineffective. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel."). We also note that, at the plea hearing, the trial court thoroughly addressed whether a factual basis existed to enter a guilty plea for the AWIM conviction. We fail to see how additional argument from defense counsel on the matter would have persuaded the trial court.

Affirmed.

/s/ Thomas C. Cameron
/s/ Patrick M. Meter
/s/ Stephen L. Borrello